JOHN BRANCH and wife v. SUKEY WALKER, et als.

*Excusable Neglect—Attorney—Notice—Judgment.*

1. A notice of a motion to set aside a judgment may be properly served on the attorney of record of the opposing party.

2. An attorney of record cannot withdraw from an action without leave of Court, and his relation to the matter continues until the judgment is satisfied.

3. This Court cannot review the findings of fact of the court below on a motion under section 274 of The Code.

4. Where a judge made a general order allowing parties time to file pleadings, but after leaving the court-house for the term, he made an order allowing plaintiffs, who desired judgments for want of answers, to note on the summons docket that answers would be required during the term ; *Held,* a judgment for want of answer, under such circumstances, will be set aside for excusable neglect.

5. Neither parties nor counsel are required to take notice of orders made after the Judge has left the court-house for the term.

6. Except in cases of consent, and where otherwise provided by statute, orders and judgments should be signed in open court.

(*Walton* v. *Sugg,* Phil. 98 ; *Rogers* v. *McKenzie,* 81 N. C., 164, cited and approved).

This was a motion to set aside a judgment, heard before *Avery, Judge,* at January Special Term, 1884, of BERTIE Superior Court.

Notice of the motion to set aside the judgment was served on one of the plaintiff's attorneys on October 19, 1882, and the Fall Term of Bertie Superior Court began on October 29, 1882.

The defendants employed an attorney, whose name was entered on the appearance docket, but no answer was filed. On Thursday of the last week of the term, His Honor, Judge McKoy, made the following order :

" Ordered, that in all cases that appear on the summons docket, when complaint or answer is not demanded during the term, plaintiffs are allowed sixty days to file complaint, and defendants one hundred and twenty days to file answers."

Just below this order, on the minutes of the Superior Court, another order appears, as follows :

"When parties desire judgments of this term for want of answer, they will enter on the summons docket 'answer demanded at this term', and then they will be entitled to judgment for failure to answer at this term. ALLMAND A. McKoy, Judge."

Judge McKoy left the court-house during the afternoon of Thursday, and did not return to the court during the term. When leaving he instructed the sheriff not to adjourn court, but to allow it to expire by its limitation.

The second of the orders above set forth was made by Judge McKoy at his own room, after he had left the court-house for the term. After the second order was made, one of the plaintiff's attorneys entered on the summons docket opposite this action the words, "Answer demanded at this term." After the expiration of the term of the court, and after Judge McKoy had left the county of Bertie, he signed and sent to counsel a judgment against the defendant for want of an answer. About twenty days after signing this judgment, without notice to the parties, Judge McKoy signed and sent to the clerk another judgment modifying the judgment by default, and allowing the defendants to answer upon their filing a bond for costs and damages within twenty days, and filing an answer setting up a substantial defence.

The defendants' counsel had no notice of the orders made during the term in regard to filing pleadings, nor did he have notice of the entry made on the summons docket by the plaintiffs' counsel.

Upon these facts, His Honor set aside both of the judgments, and the plaintiffs appealed.

*Mr. R. B. Peebles,* for the plaintiffs.
No counsel for the defendants.

MERRIMON, J.   The Court held properly that the notice of the motion to set aside the judgment was sufficient.

It was served on the attorney of the plaintiffs on the 19th day of October, 1882, and nine days next before the term of the court began, at which the motion was made.   At that time, the statute (C. C. P., 346) required only eight days' notice of such motions, and it applied to this case.   The motion as to time was, therefore, sufficient.   The law as to time of notice has been changed—*The Code,* §595, prescribes that ten days' notice of such motions shall be given, unless the judge, in an order to show cause, shall prescribe a shorter time.

It was sufficient to give the notice to the plaintiffs' attorney of record.   After his name was entered on the record as counsel, he could not withdraw from the action without the leave of the Court.   It is a mistaken notion that an attorney can become counsel of record in an action, and cease to be counsel at his own will, pleasure and convenience.   He is, in an important sense, an officer of the Court, and under its direction and control in respect to matters affecting the Court and the administration of public justice, and as soon as he is duly retained in an action or proceeding, he has, by virtue of his office, authority to manage and control the conduct of the action on the part of his client during its progress, subject to the supervision of the Court, and he is the proper person on whom notice should be served in respect to matters pertaining to the conduct of and proceedings in it after it is brought; and his authority and responsibility continue until it is completely determined in the Court wherein it is pending. The counsel is responsible to the Court and his client, and generally, the Court recognizes him as having charge of the

action, and authorized and bound to take notice of all motions. and proceedings in it. This is so upon general principles that govern Courts ordinarily in the administration of justice; and in this State, *The Code*, §597, in respect to notices and the filing and service of papers, expressly provides that service may be made on the party or his attorney.

But it is said that the plaintiffs having obtained judgment, for want of an answer, the relation of the counsel to the action ceased, so that he had no further connection with or control over it, and, therefore, notice to him was not sufficient. We do not think so.. The action in this case was not completely ended when the judg- ment was obtained. A variety of motions might, in the order of procedure, be made in respect to the judgment. A motion might be made to set it aside for alleged irregularity. So a motion might be made at any time within twelve months to set. it aside, because of mistake, surprise or excusable neglect. There might be a motion to modify the provisions of the judgment, or as to the character of the execution, in a case like this, or like motions might be made, some of them at a subsequent term, some of them in vacation. The course of the law and the progress of the action contemplate that such motions may be made after judgment. Surely neither the client nor the counsel in an action would ever agree that the counsel's services in it were ended when he simply obtained a judgment thus open to attack. It has been held, in many cases, that, in actions to recover money, the counsel might give directions in respect to the execution, and give receipt. for the money when collected. It may be said, generally, that the relation of the counsel to the action does not cease, in any case, until the judgment in the court where it is pending is con- summated; that is, made permanently effectual for its purpose, as. contemplated by law. In this case, we are sure that neither the client nor the counsel contemplated that the latter's work, as counsel, was done, until the judgment should be made effectual. The action was not ended when the judgment was entered. The record stood open for motions like the one before us, and other

motions that might be made; and it was the duty of the counsel to give them attention, when made, as occasion might require, until it should be ended. *Walton* v. *Sugg*, Phil., 98; *Rogers* v. *McKenzie*, 81 N. C., 164.

The motion to set aside the judgment was made within one year next after the time it was entered. *The Code*, §274 provides among other things, that the judge may "in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him, through his mistake, inadvertence, surprise or excusable neglect." The court below found the facts upon which the motion is founded, and we have no authority to review or disturb such findings; and if in any view of them there was "mistake, inadvertence or excusable neglect" on the part of the defendants, in respect to the judgment they seek to set aside, we cannot interfere with the exercise of the discretion of the judge in setting it aside as he did. The discretion was his, not subject to review by the court.

The facts show surprise and excusable neglect that the judge might well consider, and upon the same exercise his discretion.

The summons docket had not been called during the term at which the judgment was taken. The plaintiffs' counsel did not move before the court for judgment, nor call the attention of the defendants' counsel of record to his entry on the summons docket, "answer demanded at this term," made after the judge had approved and signed the minutes and left the court house, the last time during the term. The defendants' counsel did not see or have notice of the entry last mentioned, nor of the general order made by the judge allowing parties time to plead, nor of the one allowing plaintiffs, in default of answer demanded, to have judgment. Neither the defendants nor their counsel were required to take notice of judgments and entries made after the judge had left the court-house for the term; on the contrary they might reasonably infer that no business would be done after the judge left. It is true, the judge instructed the sheriff not to adjourn the court

formally, but to let the term expire by its own limitation; but this surely did not imply that decisions were to be made and judgments entered, *not granted*, after the judge had left the court-house for the term and in his absence! Such a practice, if it prevails at all, is vicious and ought not to be tolerated, much less upheld. Every judgment should, *must* have the sanction of the court, unless in case of consent judgments, and these must be entered with its knowledge and permission. In this case, the judge signed the judgment after the term was over, and under a misapprehension of material facts affecting the plaintiffs' right to have it, because, within a few days after the signing it, he made an order setting it aside upon the conditions in the order specified. It cannot avail the plaintiff to say that he was entitled to judg-ment by default for want of an answer. If he was so entitled the defendants might, probably would, have answered during the term, or obtained further time to answer as of the term. It seems, the judge, after signing the judgment, thought they ought to be allowed to answer. It is improper to take judgments and orders after the judge has left the court-house for the term. Such judgments and orders, in no proper sense, have the sanction of the court. A practice allowing this to be done would be subject to dangerous abuses and give rise to distrust and confusion. The clerk does not represent or act for the court in term time—all proceedings had after he leaves the place where the court is held have not his judicial sanction, and parties are not bound to take notice of such proceedings; and if a party fails to do so, and judgment shall be taken for want of an answer, it may be treated as surprise and excusable neglect. This is essential to the general integrity of judicial proceedings. By this, however, we do not mean to be understood as saying, that parties may not consent to a judgment or order, with the approval of the judge, after term, or that the judge may not grant certain classes of orders and judgments out of term time and at chambers, having the parties litigant before him as the law prescribes. The courts are always open, in the way prescribed by law, for some purposes.

The order of the Court below setting aside the judgment complained of, does not specify the particular ground upon which it rests, but, as it appears that the judge may have founded it upon surprise and excusable neglect of the defendants, we must take it that he did so. The answer that the defendants propose to file, and which was used as an affidavit before the Court to support the motion, discloses substantial grounds of defence, if they should be established in the further progress of the action.

The judgment must be affirmed. Let this opinion be certified according to law.

Judgment affirmed.