CHARLES F. DUNN v. A. W. TAYLOR, SHERIFF.

(Filed 12 March, 1924.)

**Judgments—Motions to Set Aside—Term—Appeal and Error.**

A judge is without authority to set aside a judgment final by default of an answer, rendered in term, after he has adjourned the court to expire by limitation and has left the county, though without notice given of its final adjournment; and in this case, upon the plaintiff's exception to an order thus made, *it is held* the plaintiff's exception is sustained without prejudice to the rights of the defendant to assail the judgment at a subsequent term of court, by motion in the cause or other appropriate remedy.

---

BANK *v.* DUKE.

---

APPEAL by plaintiff from *Grady, J.,* at December Term, 1923, of LENOIR.

Civil action to require the defendant, as sheriff of Lenoir County, to execute and deliver to plaintiff a tax deed for certain lands, bid off by plaintiff at a tax sale, and for which he holds certificate, duly issued by the defendant.

At the December Special Criminal Term, 1923, judgment by default was entered on motion of plaintiff and upon the showing that no answer had been filed by the defendant. Two days after the adjournment of said court in Kinston, and before the end of the week, the judge signed an order at his home in Clinton, N. C., directing that the judgment by default rendered in this cause be stricken out and canceled of record. From this order the plaintiff appeals.

*Chas. F. Dunn in propria persona.*
*John G. Dawson and F. E. Wallace for defendant.*

STACY, J. The December Term of court ended in Kinston when the judge left the bench for the term, although no notice was given of the final adjournment, and it was understood that the term of court should expire by limitation. *Delafield v. Const. Co.,* 115 N. C., 21; *Branch v. Walker,* 92 N. C., 87. His Honor, therefore, was without authority to enter the order, signed at his home in Clinton, canceling or vacating the judgment previously rendered by him at term. The plaintiff's exception to this order must be sustained; but this will be done without prejudice to the rights of the defendant to assail the judgment rendered at the December term, or to have it vacated by motion in the cause or other appropriate remedy.

Error.