GEORGE E. BISANAR v. P. J. SUTTLEMYRE.

(Filed 11 May, 1927.)

1. Judgments—Terms—Rendered Outside of Trial County—Consent—Agreement of Parties—Substantial Changes.

   Where the parties to an action have agreed that the trial judge may consider the case and sign judgment beyond the limits of the county wherein the case was tried, and he has requested each of them to forward a judgment in accordance with intimations he has expressed, his signing of a judgment sent him by one of the parties is final and he may not, after forwarding it to the clerk of the court, make substantial corrections differing therefrom without the consent of all the parties litigant.

**2. Same—Motions—Rights and Remedies—Appeal and Error—Remand.**

Where by consent of the parties the trial judge has signed a final judgment out of term, and in another county from the place of trial, it is thereafter open to the party thereto objecting by a motion in the cause or other appropriate remedy to protect any legal rights that he may have.

APPEALS by plaintiff and defendant from *Walter Siler, Emergency Judge,* at December Term, 1926, of CATAWBA.

Civil action for trespass, and to remove obstruction from an alleyway.

The case was referred to Hon. S. J. Ervin under the statute. Upon the coming in of the referee's report, exceptions were duly filed thereto, and heard before his Honor, Walter Siler, emergency judge, at the regular December Term, 1926, of Catawba Superior Court. Near the end of the term the judge announced from the bench the conclusions he had reached on the several matters debated, and gave intimation in a general way of the character of judgment he would render. It was thereupon agreed that the judgment might be signed out of term and out of the district. The court requested counsel for both plaintiff and defendant to draw judgment and forward same to him at his home in Pittsboro, N. C. On 20 December, 1926, counsel for defendant sent to the judge a judgment, which they understood to be in keeping with his intimations, but stated that opposing counsel had not consented to it. This judgment was signed on 23 December, 1926, promptly returned and docketed.

Thereafter, on 15 January, 1927, on application of plaintiff and without notice to the defendant, Judge Siler signed an order at his home in Pittsboro, rescinding said judgment, and on 3 February, 1927, at Raleigh, N. C., after notice to the defendant, and over his objection, the judge signed what is termed a final judgment in the cause, from which both sides appeal, assigning errors.

*Thomas P. Pruitt, William L. Marshall, and Walter C. Feimster for plaintiff.*

*E. B. Cline and Self & Bagby for defendant.*

STACY, C. J., after stating the case: It is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause, or to make an order substantially affecting the rights of the parties, outside of the county in which the action is pending. *Gaster v. Thomas,* 188 N. C., 346; *Cahoon v. Brinkley,* 176 N. C., 5; *Mann v. Mann, ibid.,* 353; *Cox v. Borden,* 167 N. C., 320; *Bank v. Peregoy,* 147 N. C., 293; *Godwin v. Monds,* 101 N. C., 354; *McNeill v. Hodges,* 99 N. C., 248; *Moore v. Hinnant,* 90 N. C., 163. See, also, *Thomas v. Watkins, ante,* 630.

Mr. Freeman, in his valuable work on Judgments, Vol. 1 (5 ed.), 269, speaking to the subject of correcting judgments after term, says:

"As a general rule, unless control over it has been retained in some proper manner, or a statute otherwise provides, no final judgment can be amended after the term at which it was rendered or after it otherwise becomes a final judgment. The power of courts to correct clerical errors and misprisions and to make the record speak the truth by *nunc pro tunc* amendments after the term does not enable them to change their judgments in substance or in any material respect. And this is true even though the judgment has not been formally entered of record by the clerk, where such entry is not essential to its validity. Consequently, it is well settled that, in the absence of statute permitting it, the law does not authorize the correction of judicial errors, however flagrant and glaring they may be, under the pretense of correcting clerical errors. To entitle a party to an order amending a judgment, order, or decree, ordinarily, he must establish that the entry as made does not conform to what the court ordered."

In the case at bar, by consent of the parties, the judge was authorized to sign judgment out of term and out of the district. This ended, we think, when he signed the judgment, tendered by the defendant, on 23 December, 1926. His subsequent orders, therefore, were without warrant of law. *Dunn v. Taylor,* 187 N. C., 385. The defendant's exceptions to these must be sustained, but this will be done without prejudice to the rights of the plaintiff to question the judgment signed on 23 December, 1926, by motion in the cause, or other appropriate remedy. To this end the cause will be remanded for such further proceedings as the rights of the parties may require.

On defendant's appeal, Error.

On plaintiff's appeal, Remanded.