STATE v. R. B. CROWDER.

(Filed 21 March, 1928.)

**1. Appeal and Error—Requisites and Proceedings for Appeal—Order Extending Time for Service of Case on Appeal—When Void.**

An order made without notice to the parties by the judge beyond the term of the court and outside of the district, extending the time for the service of case on appeal is void.

**2. .Certiorari—Nature of Grounds—When Certiorari Necessary to Bring Case Before Supreme Court.** .

When the case of the appellant cannot be made out and served in time to bring it up to the Supreme Court and docketed within its rules, for reasons for which he is not responsible, it is required that he should apply to the Supreme Court, then in session, for a writ of *certiorari* in apt time, and when he has depended solely upon a void order of the trial judge extending the time for the service of his case, which is excepted to, the case will be dismissed.

CRIMINAL ACTION, before *Nunn, J.,* at Fall Term, 1927, of VANCE.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Thomas M. Pittman, R. S. McCoin, D. P. McDuffee and Yarborough & Yarborough for defendant.*

BROGDEN, J. The defendant was tried and convicted, and judgment pronounced on 16 October, 1927, and thereupon court adjourned. The defendant was allowed forty-five days in which to serve his case on appeal, and the State thirty days thereafter to serve counter-statement or exceptions. The record was voluminous. After the adjournment of court counsel for the defendant notified the court stenographer to prepare the transcript of evidence. The stenographer did not live in Henderson where the trial was had. The letter of counsel, notifying her to transcribe the evidence, through inadvertence, was put in the mail box of another person, causing a delay of ten days before the receipt thereof by the court stenographer. Thereafter, while engaged in transcribing the evidence, the stenographer suffered a severe cut on her right hand, which became infected, and resulted in depriving her of the use of her right arm for several days. Fearing that she would not be able to transcribe the evidence in time, of her own motion, she notified the judge who tried the case and who was then in another district. Without notice to the parties the trial judge sent an order on 12 November, enlarging the time for preparing statement of case on appeal for thirty days beyond the time fixed in the order of court at the time of the trial. The

Solicitor for the State, on 17 November, excepted to said order enlarging the time, and on 18 November served notice on the defendant that the State excepted to the order granting an extension of time for serving the case on appeal. The statement of case on appeal was served on the Solicitor on 29 December, 1927. The Solicitor filed exceptions. Thereafter, upon disagreement of counsel, the judge settled the case on appeal on 20 January, 1928. When the case was called for argument in this Court the State made a motion to dismiss the appeal. This motion must be granted and the appeal must be dismissed. The order of the trial judge, made out of the district and without notice to the parties, extending the time for filing the statement of case on appeal, was void. *Cox v. Boyden*, 167 N. C., 321; *S. v. Humphrey*, 186 N. C., 533; *S. v. Taylor*, 194 N. C., 738; *Bisanar v. Suttlemyre*, 193 N. C., 711. Indeed the trial judge in transmitting the order expressed grave doubt as to its efficacy.

The rules governing appeals are mandatory and not directory. Thus in *Womble v. Gin Co.*, 194 N. C., 577, the Court says: "The rules governing appeals are mandatory and not directory. *Calvert v. Carstarphen*, 133 N. C., 25, 45 S. E., 353. They may not be abrogated or set at naught (1) by act of the Legislature *(Cooper v. Comrs.*, 184 N. C., 615, 113 S. E., 569); (2) by order of the judge of the Superior Court *(Waller v. Dudley, supra)*, or (3) by consent of litigants or counsel *(S. v. Farmer, supra)*. The Court has not only found it necessary to adopt them, but equally imperative to enforce them and to enforce them uniformly."

It does not appear from the record when the transcript of evidence was actually delivered to counsel for the defendant by the court stenographer. However, it does appear that the time specified in the original order for serving statement of case on appeal expired 1 December, 1927. On 18 November, 1927, or twelve days before the expiration of time, notice was served upon the defendant that the State excepted to any extension of time and to the order of the judge extending the time. The defendant, therefore, on 18 November, 1927, had an adequate remedy. This Court was in session. The Fifteenth and Sixteenth districts were called in this Court on 21 November, 1927, and the Seventeenth and Eighteenth districts were called on 28 November, 1927. Both of these districts were heard before the time expired for the defendant to file statement of case on appeal. It was therefore the duty of the defendant, if he had reason to believe that the statement of case on appeal could not be completed within the time prescribed in the original order, to have applied to this Court for a writ of *certiorari*. "A party is entitled to a writ of *certiorari* when—and only when—the failure to perfect the appeal is due to some error or act of the court or its officers, and not to

any fault or neglect of the party or his agent." *Womble v. Gin Co.,* 194 N. C., 579. The defendant, however, did not pursue or utilize the remedy prescribed by law, but apparently relied upon the void order extending the time. Under these circumstances and in obedience to repeated decisions of the Court, the State is entitled to have the appeal dismissed, and it is so ordered.

Appeal dismissed.