## WILL TURNAGE v. CHARLES F. DUNN.

(Filed 3 October, 1928.)

**1. Appeal and Error—Briefs—Dismissal.**

The appellee may not successfully move in the Supreme Court to have the case dismissed for the failure of the appellant to furnish him a copy of his brief when the brief was duly filed with the clerk under the rule, and he could have obtained one in the time prescribed by applying to the clerk, who is not under duty to either notify him or supply him a copy except at his request.

**2. Judges—Power to Render Final Order Outside of District—Injunctions.**

The resident judge of the district in which an action is pending is without jurisdiction to pass upon the question of continuing a temporary restraining order to final hearing, over objection, outside the districts, his authority being limited to interlocutory orders that do not substantially affect the merits of the controversy.

APPEAL by defendant from *Grady, J.,* at Chambers, Beaufort, N. C., 14 June, 1928. From LENOIR.

Civil action to remove tax deed as cloud on title, and to restrain the defendant from interfering, in any way, with plaintiff's tenant now in possession of the premises described in the complaint.

A preliminary restraining order was signed by Hon. Henry A. Grady, resident judge of the Sixth Judicial District, but presiding at the time over the courts of the Fifth Judicial District, at Chambers in Greenville, Pitt County, 1 June, 1928, returnable before himself at Beaufort, Carteret County, 14 June following, at which time and place, over objection of defendant, the matter was heard and the injunction continued to the hearing. Defendant appeals, assigning errors.

*S. H. Newberry for plaintiff.*
*Charles F. Dunn in propria persona.*

STACY, C. J. Upon the call of the docket from the Sixth District, the district to which this case belongs, on 25 September, 1928, plaintiff

lodged a motion to dismiss the appeal, for that, no carbon typewritten copy of appellant's brief was mailed or delivered to appellee's counsel as required by Rule 28 of the Rules of Practice in the Supreme Court. 192 N. C., p. 853. It appears, however, that the manuscript record and appellant's brief were received in the clerk's office 11 July, 1928, and mimeographed copies were available two or three days thereafter. No application was made to the clerk by appellee's counsel for copy of appellant's brief. It is not the duty of the clerk to see that copy of appellant's brief is furnished to appellee's counsel, except upon request duly made therefor. The motion to dismiss the appeal, therefore, must be denied.

This action was instituted in the Superior Court of Lenoir County 1 June, 1928, and, on the same day, the judge presiding over the Superior Court of Pitt County issued a temporary restraining order in the cause, returnable before himself at Beaufort in Carteret County fourteen days thereafter. The defendant objected to the matter being heard in Carteret County, especially as the Superior Court of Lenoir County was then in session, the same having convened 11 June for a two weeks term. We think the defendant's objection to the matter being heard out of the district was well taken, and that the judge was without authority to enter the order appealed from in Carteret County. *S. v. Crowder,* 195 N. C., 335, 142 S. E., 222.

The decisions are all to the effect that a judge of the Superior Court may not, even in his own district, except by consent, or when authorized by statute, hear and determine an adversary proceeding, or enter an order therein, other than interlocutory, substantially affecting the rights of the parties, outside the county in which the action is pending. *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1; *Gaster v. Thomas,* 188 N. C., 346, 124 S. E., 609.

Error.