of the confession, and a denial of the right will be held for reversible error as denying to the prisoner the benefit of his own testimony and as impelling him to take the stand upon the trial to deny its voluntariness.

APPEAL by defendant from *Cranmer, J.,* at December Term, 1929, of DURHAM.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one Will Hall.

From an adverse verdict and judgment of death by electrocution pronounced thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Philip A. Escoffery for defendant.*

STACY, C. J. The record is in a very unsatisfactory condition, but one circumstance seems to appear with certainty, and that is, in hearing evidence on the *voir dire* to determine the competency or voluntariness of an alleged confession, made by the prisoner while in jail, the court declined to permit the prisoner to testify, and ruled upon the State's evidence alone that said confession was voluntary, and admitted the same in evidence. In this there was error. *S. v. Fox,* 197 N. C., 478, 149 S. E., 735. The prisoner, at his own request, was entitled to be heard on the preliminary inquiry looking to the admissibility of the alleged confession in evidence. *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603.

The ruling was hurtful in two ways: 1. It denied to the prisoner the benefit of his own testimony while the admissibility of the alleged confession was in issue; and (2) thereafter he felt impelled to take the stand as a witness in his own behalf and deny its voluntariness, but for the admission of which a different course might have been pursued on the trial.

For the error, as indicated, in declining to hear the prisoner on the preliminary inquiry as to the voluntariness of the alleged confession, a new trial must be awarded, and it is so ordered.

New trial.

---

SCOTT DRUG COMPANY v. MRS. N. A. PATTERSON.

(Filed 2 April, 1930.)

**Venue C a—Removal of receivership action from county of defendant's residence for creditors' convenience is erroneous.**

Where an action in the nature of a creditors' bill and for the appointment of a receiver is brought in the county wherein the defendant resides, and a temporary receiver is therein appointed, upon the hearing at

chambers in another county wherein the temporary receivership is made permanent, an order removing the cause to the county of the hearing for the convenience of a large number of creditors is improvidently made, and that part of the judgment will be stricken out on appeal.

APPEAL by defendant from *Harris, J.,* at January Term, 1930, of ORANGE.

Civil action in the nature of a creditors' bill and for the appointment of a receiver.

The action was instituted in the Superior Court of Orange County 7 January, 1930, and on the following day a temporary receiver was appointed and the defendant required to appear in Durham, before Hon. W. C. Harris, at Chambers, on 17 January, 1930, and show cause why the temporary receivership should not be continued.

Thereafter, at the hearing in Durham, the receivership was made permanent, and the cause ordered removed from Orange County to Durham County "for the convenience of a large number of the creditors and attorneys for creditors," and to be consolidated with another cause pending in the Superior Court of the latter county. The plaintiff is a corporation with its principal place of business in Mecklenburg County, while the defendant is a resident of Orange County.

The defendant appeals from the order of removal, assigning same as error.

*No counsel appearing for plaintiff.*
*H. A. Whitfield and Gattis & Gattis for defendant.*

STACY, C. J. The order of removal was improvidently entered. This part of the judgment will be stricken out. *Turnage v. Dunn,* 196 N. C., 105, 144 S. E., 521; *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1.

Error.

---

SEABOARD AIR LINE RAILWAY COMPANY v. BRUNSWICK COUNTY.

(Filed 2 April, 1930.)

1. **Appeal and Error E a—Record must show exception to judgment and appeal therefrom.**

In order to confer jurisdiction on the Supreme Court on appeal the record must show exception to the judgment and appeal therefrom and notice to the appellees either in open court or within the time prescribed by statute, C. S., 641, 642, Const., Art. IV, sec. 8, and where this does not appear of record the appeal will be dismissed.