Civil action to recover on insurance policy, tried at the September-October Term, 1932, Johnston Superior Court, which resulted in judgment of nonsuit, and from which plaintiff gave notice of appeal. Plaintiff's statement of case on appeal and defendant's counter-case were both filed in apt time, and duly sent to the judge for settlement. The following order was entered 10 December, 1932:
"This cause coming on to be heard at Smithfield, N.C. for the purpose of settling the case on appeal, and this court having carefully considered the counter-case as made out by the defendants, and the court being of the opinion, upon said counter-case, and the case as made up and served by the plaintiff, that a new trial should be ordered, and that it is useless to put the parties to the expense of an appeal; now, upon the facts admitted in the two `cases' as made up by the parties, and also in the discretion of the court, it is ordered that the verdict and judgment entered in this cause at the September-October Term, 1932, be and the same is set aside, and a new trial ordered upon the same or some other proper issues.
This 10 December, 1932. HENRY A. GRADY, Judge Presiding."
From this order the defendant, American Fire and Marine Insurance Company, appeals, assigning error. *Page 308 
Laudable as his purpose may have been, the learned judge was without authority to vacate the judgment of nonsuit and grant a new trial after adjournment of the term at which the case was tried, except by consent.Acceptance Corp. v. Jones, 203 N.C. 523; Bisanar v. Suttlemyre,193 N.C. 711, 138 S.E. 1; Dunn v. Taylor, 187 N.C. 385, 121 S.E. 659.
The order, therefore, from which the defendant appeals, will be stricken out.
Error.