On 26 April, 1930, the plaintiff bought a Ford car from J. W. Thornton (a local dealer at Dunn) on the installment plan and gave him a conditional sales contract. At the same time he applied to the seller for insurance and the premium was included in the purchase price of the car. The sale was financed through the Universal Credit Company of Charlotte. On the same day (26 April) the plaintiff gave H. C. Wooten a second mortgage on the car to secure $130. On or about 29 April, 1930, the defendant delivered to the plaintiff its policy dated 26 April, insuring the car against the hazard of theft and fire. The term of the policy was twelve months, beginning 26 April, 1930, and ending 26 April, 1931. The car was stolen on Saturday night, 15 November, 1930, and was found on the next Wednesday almost totally destroyed by fire. The plaintiff demanded payment of the insurance and the defendant disclaimed liability by reason of a clause in the policy which required the plaintiff at the time of applying for the insurance to make disclosure of any encumbrance or lien on the car. The plaintiff admitted that at no time after issuing the policy did he notify the insurance company of the mortgage to Wooten; but Wooten testifying on behalf of the defendant said that J. W. Thornton was present when the plaintiff executed the lien to Wooten and in fact furnished the paper on which it was written; that Thornton was informed of the entire transaction and assured Wooten that the policy would protect him just as it would protect Wooten. In response to the issues submitted the jury found from the evidence that the defendant had issued its policy on the car and had knowledge of the second lien, that the plaintiff had discharged the lien before the car had been stolen, and that the value of the car was $500 at the time it was burned. The court gave judgment for the plaintiff and the defendant appealed.
The second lien was not in effect when the car was burned. It had previously been paid and discharged. The appeal is therefore to be determined by the principle enunciated in Cottingham v. Insurance Co.,168 N.C. 259. The encumbrance suspended the risk and the policy was revived when the encumbrance was discharged. The question of Thornton's agency and the exceptions to the instructions relating to it need not be considered. It would have been erroneous to grant the defendant's motion for nonsuit.
No error. *Page 303