The plaintiff instituted this action against the defendant to recover the purchase price of certain personal property which she alleged that she and her deceased husband owned and sold to the defendant for $400.00. The defendant pleaded payment and counterclaim. Six issues were duly submitted to the jury. The jury found that the plaintiff and her deceased husband were the owners of the property and sold the same to the defendant for $400.00, that the defendant had paid on said purchase price $60.00, and that the defendant had rendered service to A. S. Pendergraph, deceased husband of plaintiff, and was entitled to recover $50.00 for such service. Whereupon judgment was entered in favor of the plaintiff for the sum of $290.00 and interest.
The record shows the following: "The trial of this case was completed and judgment signed as above set out on Wednesday, 23 November, 1932, and being the day before Thanksgiving, court adjourned for the term on that date. After the adjournment of the court his Honor, Frank S. Hill, judge, returned to his hotel in the city of Burlington, and on Thursday, 24 November, 1932, . . . the plaintiff through her counsel and in the absence of the defendant, and without notice to the defendant or his counsel, presented this matter to his Honor . . . at his room in the hotel in Burlington, with reference to the alleged retention of title to the property referred to in the judgment, and at that time after the court had adjourned, as aforesaid, and his Honor had arisen from the bench and was not in the court but was in his hotel room in Burlington, he signed an order in this cause modifying the judgment," etc. This order recites that no issue had been submitted to the jury as to the existence of a title retained contract between the plaintiff and the defendant, as to the personal property specified in the complaint, and the trial judge being of the opinion that the evidence did disclose testimony tending to show the existence of such a contract, and that an appropriate issue should have been submitted to the jury, ordered and adjudged that the judgment "heretofore entered in this cause be, and the same is hereby modified, to the end that a new trial *Page 30 
may be had for the purpose of submitting to the jury the issue as to the existence of a title retained contract," etc.
The defendant in apt time excepted to the action of the judge in signing the foregoing order and appealed.
Can a trial judge, after the business of the court is terminated and he has left the bench for the term, sign an order modifying a judgment upon a jury verdict rendered during the term, and without notice to the adverse party?
The law answers the question in the negative. Branch v. Walker,92 N.C. 87; Dunn v. Taylor, 187 N.C. 385, 121 S.E. 659; Bisanar v.Suttlemyre, 193 N.C. 711, 138 S.E. 1; McIntosh North Carolina Practice Procedure, p. 691, section 620. McIntosh says: "In jury cases the judgment must be rendered at term, unless the parties consent otherwise; and where the parties consent that the judge may render judgment out of term, it relates to the term, and, as between the parties, is as valid as if rendered at term. `At term' means while the court is in session, and the judge is not authorized to render judgments outside of the courtroom and when the court is not in session, except by consent of the parties, unless it is a matter which properly comes before him at chambers."
Reversed.