UNION NATIONAL BANK, LENOIR FEED STORE, A. J. BRADSHAW, BERNHARDT-SEAGLE COMPANY, AND MARK SQUIRES, IN BEHALF OF THEMSELVES AND ALL OTHER CREDITORS OF THE ESTATE OF J. R. HAGAMAN, DECEASED, v. C. S. HAGAMAN, ADMINISTRATOR OF J. R. HAGAMAN, JULIA F. HAGAMAN, WIDOW, C. S. HAGAMAN, AND OTHERS, HEIRS AT LAW OF J. R. HAGAMAN, DECEASED.

(Filed 1 May, 1935.)

1. **Judgments K f—Motion for order to show cause why judgment should not be set aside should be in writing and supported by affidavit.**

   A motion for an order requiring adverse parties to show cause why the judgment rendered in the cause should not be set aside should be in writing and should be supported by an affidavit stating the grounds of the motion, but failure to file the written motion and affidavit is not sufficient grounds for dismissal of the motion as a matter of right, since upon the hearing the court granting the motion to show cause may require movants to then file the necessary papers and allow respondents time to answer if they so request.

2. **Judgments G b—Court may not enter order substantially affecting rights of parties outside the county except by consent.**

   The judge of the Superior Court granted a motion requiring the adverse parties to show cause why the judgment entered in the cause should not be set aside, and heard the motion and entered an order modifying the judgment, over respondents' objection, outside the county in which the action was pending. *Held:* The court had no authority to hear the motion or make the order substantially affecting the rights of the parties outside the county in which the action was pending.

APPEAL by plaintiffs Union National Bank and Mark Squires from *Harding, J.,* at Chambers in the city of Charlotte, N. C., on 31 December, 1934. Error.

This is a proceeding, begun before the clerk of the Superior Court of Caldwell County, on 24 June, 1933, for the final settlement of the estate of J. R. Hagaman, deceased. The plaintiffs are creditors, and the defendants are the administrator, widow, and heirs at law of the deceased.

The proceeding was heard at December Term, 1934, of the Superior Court of Caldwell County, Harding, Judge presiding, on the report of the commissioner who had theretofore been appointed by the court and authorized to sell certain lands belonging to the estate of J. R. Hagaman, deceased. At this hearing a judgment was rendered confirming the sale of the said lands made by the commissioner, and ordering the commissioner to apply the proceeds of said sale to the payment of the costs and expenses incurred by him in making the sale, and to the payment, pro rata, of the claims of certain creditors of the estate of J. R. Hagaman. This judgment was signed by the judge presiding, on 6 December, 1934, in open court.

After the adjournment of the December Term, 1934, of the Superior Court of Caldwell County, on the application of the defendants, or of some of them, an order was signed by Judge Harding, at Morganton, in Burke County, on 19 December, 1934, and served on the attorneys of record of the plaintiffs, commanding the plaintiffs to appear before Judge Harding at the courthouse in the city of Charlotte, in Mecklenburg County, on 31 December, 1934, at 3 o'clock p.m., and then and there show cause, if any they had, why the judgment entered in this proceeding at December Term, 1934, of the Superior Court of Caldwell County should not be set aside or modified.

In accordance with said order, the plaintiffs, as respondents, by their attorneys of record, entered a special appearance before Judge Harding, at the time and place named in said order, and moved that all proceedings under said order be dismissed for that (1) the order to show cause was not supported by a motion in writing, or by affidavits stating the grounds for the motion of the defendants, and (2) for that Judge Harding was without power to make an order in the proceeding then pending in the Superior Court of Caldwell County, at Charlotte, in Mecklenburg County. The motion was denied, and the respondents excepted to the denial of their motion.

Judge Harding thereupon considered affidavits filed by respondents and, on the facts found by him, ordered that the judgment rendered in this proceeding at December Term, 1934, of the Superior Court of Caldwell County be and the same was modified as appears in said order,

which was signed by him at his Chambers in the city of Charlotte. The plaintiffs Union National Bank and Mark Squires excepted to said order and appealed to the Supreme Court.

*Mark Squires and J. T. Pritchett for plaintiffs.*
*Newland & Townsend for defendants.*

CONNOR, J. The motion of the defendants for an order requiring the plaintiffs to show cause why the judgment rendered in this proceeding at the December Term, 1934, of the Superior Court of Caldwell County should not be set aside or modified, should have been in writing, and should have been supported by an affidavit, stating the grounds of the motion. The plaintiffs would thus have been apprised before the hearing of the grounds of the motion. The failure of the defendants, however, to put their motion in writing or to file an affidavit stating the grounds of their motion, at the time the motion was made before Judge Harding at Morganton, was not sufficient to entitle the plaintiffs to the dismissal of the motion of the defendants as a matter of right. If the plaintiffs had requested Judge Harding at the hearing to require the defendants to reduce their motion to writing, or to file an affidavit stating the grounds of their motion, he would doubtless have so ordered, and allowed plaintiffs time to answer, if they had so requested. There was no error in the refusal of Judge Harding to dismiss the motion of the defendants on the ground that same was not in writing or supported by an affidavit.

Judge Harding, however, was without authority to hear the motion, or to make the order from which the plaintiffs have appealed, at his Chambers in the city of Charlotte.

In *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1, it is said: "It is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending." See cases cited.

If the facts with respect to the signing of the judgment at the December Term, 1934, of the Superior Court of Caldwell County are as the defendants contend, they are not without a remedy. See C. S., 600. The order signed by Judge Harding at his Chambers in the city of Charlotte must be set aside and vacated, for the reason that said order was signed outside Caldwell County, and affects substantial rights of the plaintiffs in this proceeding, which is pending in the Superior Court of said county.