WHITE WAY LAUNDRY, INC., AND S. T. INGRAM AND R. B. LEMMOND
    v. W. D. UNDERWOOD, TRADING UNDER THE FIRM NAME OF W. D.
    UNDERWOOD COMPANY, AND A. B. FARQUHAR COMPANY, LIM-
    ITED.

(Filed 8 October, 1941.)

1. **Appeal and Error § 10e: Judgments § 18—Court may not make order
    substantially affecting rights of parties out of term and outside district
    except by consent or unless authorized by statute.**

    Upon the hearing of an order to show cause why certain temporary
    injunctions granted in the cause should not be continued, the nonresident
    defendant made special appearance and moved to dismiss for want of
    valid service on it, and the resident defendant introduced an affidavit by
    the nonresident defendant to the effect that the nonresident was a partner-
    ship and not a corporation. The court held that the affidavit did not
    constitute a general appearance by the nonresident and plaintiff appealed.
    The nonresident made special appearance and moved to dismiss the ap-
    peal. The resident defendant, after expiration of the term, filed excep-
    tions to plaintiffs' statement of case on appeal. Upon the hearing to
    settle case on appeal upon the date set out of term and out of the district,
    the court found that the nonresident had theretofore made a general
    appearance and that the appeal was thereby rendered moot. *Held:* The
    power of the court was limited to settlement of case on appeal, C. S., 644,
    and the court was without power to find that the nonresident had made a
    general appearance and to dismiss the appeal as moot.

2. **Evidence § 1—**

    The courts will take judicial notice of the political subdivisions of the
    State and will note the judicial districts in which the respective counties
    lie.

APPEAL by defendant A. B. Farquhar Company, Limited, from
*Stevens, J.,* at Chambers in Warsaw, Duplin County, North Carolina,
on 9 August, 1941—action pending in Lee County.

Civil action for recovery for breach of warranty as to a boiler.

Plaintiffs in their original complaint allege that defendant A. B.
Farquhar Company, Limited, is a corporation.

It appears that in this action two notices to show cause why certain
temporary injunctions should not be continued to final hearing, and
motion to dismiss warrant of attachment issue herein, came on for hear-
ing before Stevens, Judge presiding over Superior Court of Lee County,
of Sanford, on 31 January, 1941. On such hearing, the attorney for
defendant Underwood introduced in evidence an affidavit of Francis
Farquhar, in which it is stated that he is "treasurer of the A. B. Farqu-
har Company, Limited, a partnership association organized under the
laws of the State of Pennsylvania," and in which it is further stated:
"This affidavit is made solely for the use of W. D. Underwood and is

not an appearance for A. B. Farquhar Company, Limited." Thereupon, plaintiffs moved the court to rule and hold that the filing of this affidavit constituted a general appearance by the A. B. Farquhar Company, Limited, which had prior thereto filed in this cause two special appearances and moved to dismiss for that it is a partnership, and consequently the attempted service of summons on Secretary of State of the State of North Carolina for it, is void—the ruling upon which the court had not acted. The court overruled the motion. Plaintiffs excepted. Stevens, Judge, at said time and place, entered an order, continuing the restraining orders, and, by consent of plaintiffs and W. D. Underwood, dissolving the attachment, and in which "it is further found as a fact that the affidavit of Francis Farquhar introduced at this hearing does not constitute a general appearance for the defendant A. B. Farquhar Company, Limited." Plaintiffs objected and excepted to that portion of said order finding that the said affidavit does not constitute a general appearance for the A. B. Farquhar Company, Limited, and appealed to the Supreme Court.

On 14 February, 1941, plaintiff made statement of case on appeal and served copy on W. D. Underwood Company, and had the sheriff of Lee County serve a copy on "D. B. Teague, attorney for A. B. Farquhar Company, Limited." Defendant Underwood filed exceptions to case on appeal as served by plaintiffs. Defendant A. B. Farquhar Company, Limited, through its attorneys, D. B. Teague, and Gavin, Jackson & Gavin, entered special appearance for the purpose of the motion only, reserving its right to be heard on special appearances theretofore filed, and moved to dismiss the appellants' statement of case on appeal for the following reasons, briefly stated: (1) That the appellants did not give notice of appeal in open court at the time of the rendition of the order from which appeal is taken; (2) that the appellants have not given notice of appeal as required by C. S., 642, and, hence, service as made is too late; and (3) for that the order is interlocutory and the appeal is premature.

The January-February Term, 1941, of Superior Court of Lee County was a two weeks term, and lasted through 4 February, 1941.

Thereafter, Stevens, Judge, set 3 o'clock p.m., on 8 August, 1941, and his office in Warsaw, North Carolina, as the time and place for settling said case on appeal, at which time and place counsel for plaintiffs and the defendants W. D. Underwood and A. B. Farquhar Company, Limited, were present. Counsel for plaintiff moved that the court find the facts and sign an order thereon. Whereupon, Stevens, Judge, after finding facts substantially as hereinabove set out, overruled the motion of A. B. Far-

quhar Company, Limited, to dismiss the plaintiffs' statement of case on appeal and further finds and concludes as follows : "On consideration of the third ground set out, it appearing that pending plaintiffs' appeal which is prosecuted for the sole purpose of obtaining a ruling of the Supreme Court, that the defendant A. B. Farquhar Company, Limited, had prior to 31 January, 1941, entered a general appearance in this court ; and the undersigned finding that the said A. B. Farquhar Company, Limited, had since 31 January, 1941, upon the facts found, entered an appearance which the undersigned holds is in fact and in law a general appearance in this cause, and has thereby rendered plaintiffs' appeal moot, the undersigned declines to settle and certify case on appeal to the Supreme Court."

Defendant A. B. Farquhar Company, Limited, excepts and appeals to Supreme Court, and assigns error.

*K. R. Hoyle for plaintiffs, appellees.*
*D. B. Teague and E. L. Gavin for defendant, appellant.*

WINBORNE, J. Appellant challenges the authority of Stevens, J., after adjournment of January-February Term, 1941, of Superior Court of Lee County, and when in another district, to find facts upon which to hold, and to adjudge that, after the entry of the order from which plaintiffs had appealed to Supreme Court, appellant had made a general appearance in the cause, thereby rendering moot the question involved on appeal by plaintiffs then pending. The uniform decisions of this Court sustain the challenge. *Branch v. Walker,* 92 N. C., 87 ; *Delafield v. Construction Co.,* 115 N. C., 21, 20 S. E., 167 ; *May v. Ins. Co.,* 172 N. C., 795, 90 S. E., 890 ; *Dunn v. Taylor,* 187 N. C., 385, 121 S. E., 659 ; *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1 ; *S. v. Crowder,* 195 N. C., 335, 142 S. E., 222 ; *Turnage v. Dunn,* 196 N. C., 105, 144 S. E., 521 ; *Drug Co. v. Patterson,* 198 N. C., 548, 152 S. E., 632 ; *Hinnant v. Ins. Co.,* 204 N. C., 307, 168 S. E., 206 ; *Pendergraph v. Davis,* 205 N. C., 29, 169 S. E., 815 ; *Bank v. Hagaman,* 208 N. C., 191, 179 S. E., 759, and others.

In *Bisanar v. Suttlemyre, supra,* the Court said : "It is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause, or to make an order substantially affecting the rights of the parties, outside of the county in which the action is pending," citing numerous decisions.

While it is provided by statute, C. S., 644, that when the judge from whose ruling appeal is taken to Supreme Court, has left the district before notice of disagreement as to case on appeal, he may settle the case

on appeal without returning to the district, he has no authority to do more, except by consent, which is lacking in the present case.

In this connection the Court, in accordance with a well established principle (*S. v. R. R.*, 141 N. C., 846, 54 S. E., 294), takes judicial notice of the political subdivisions of the State, and notes that Lee County, where the present action is pending, is in the Fourth Judicial District, and that Warsaw, where the order of Stevens, J., was made, is in Duplin County in the Sixth Judicial District.

The decision here is without prejudice to the rights of the parties on hearing of question when and if presented at appropriate time and place before a judge authorized to act.

Reversed.