T. C. CROW, ADMINISTRATOR OF E. B. McCULLEN, v. CECIL D. McCULLEN, EDNA McCULLEN McCOLMAN AND LILLIE O. McCULLEN.

(Filed 5 November, 1941.)

**1. Judgments § 18—**

A judgment signed out of term and out of the county by consent, when docketed, becomes a judgment as of the trial term.

**2. Trial § 47—**

The judgment in this action was signed out of term and out of the county by consent. Thereafter at the next succeeding civil term the court granted defendant's motion to set aside the judgment for newly discovered evidence. *Held:* Upon the docketing of the judgment it became a judgment as of the trial term and in the absence of agreement preserving the right to move to set aside the judgment at a subsequent term, the trial court was without power to grant the motion.

APPEAL by plaintiff from *Thompson, J.,* at March Term, 1941, of DUPLIN.

This is an action to recover money alleged by the plaintiff administrator to belong to the estate of his intestate and to be wrongfully withheld by the defendants.

The case was heard at the January Term, 1941, of Duplin, at which time a jury trial was waived and an agreement entered that the judge might find the facts and render judgment out of term and out of the county.

On 11 February, 1941, the judge signed judgment in favor of the plaintiff, which was properly docketed in Duplin County on 14 February, 1941. On 24 February, 1941, the defendants filed with the clerk of the Superior Court of Duplin County notice of appeal to the Supreme Court dated 21 February, 1941, notice of which appeal was given to the plaintiff by the clerk on 24 February, 1941. At the March Term, 1941, of Duplin County, upon motion of defendants' counsel, the judge entered a judgment setting aside, for newly discovered evidence, the judgment theretofore rendered by him in favor of the plaintiff. To the later judgment the plaintiff excepted and appealed to the Supreme Court.

*Butler & Butler and A. W. Byrd for plaintiff, appellant.*
*J. Faison Thomson and Rivers D. Johnson for defendants, appellees.*

SCHENCK, J. We are constrained to hold that the judge erred in entering the judgment setting aside for newly discovered evidence the judgment theretofore entered by him in favor of the plaintiff.

The judgment signed 11 February, 1941, and docketed 14 February, 1941, was signed out of term and out of the county by consent of the parties, but when docketed it became a judgment as of the January Term, 1941. The January Term, 1941, expired 20 January, 1941. In the absence of any preservation by agreement of the right to move to set aside the judgment at a subsequent term, the judge was without authority to vacate the judgment after the term at which it had been rendered had expired. *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1; *Acceptance Corp. v. Jones,* 203 N. C., 523, 166 S. E., 504; *Hinnant v. Ins. Co.,* 204 N. C., 307, 168 S. E., 199.

"It is well settled under our practice that a motion to set aside a verdict and grant a new trial upon the ground of newly discovered evidence must be made and determined at the same term at which the trial is had. . . . The reasons why verdicts should not be set aside at subsequent terms, whether because against the weight of the evidence or for newly discovered testimony, is because hearing and determining such motions involve recollection by the trial judge of the testimony, the demeanor of the witnesses, and other incidents of the trial, which are not so strongly impressed upon the memory of a judge that he may safely

act upon them after adjournment. *Knowles v. Savage,* 140 N. C., 374."
*Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760.

The judgment of the Superior Court setting aside for newly discovered evidence the judgment theretofore entered is

Reversed.