HOUSE OF STYLE FURNITURE CORPORATION, PLAINTIFF v. BOBBY SCRONCE, RICHARD WIKE, T. C. ROGERS, LLOYD GEORGES AND BETTY GEORGES, INDIVIDUALLY AND IN THEIR CAPACITY AS OFFICERS AND DIRECTORS AND EMPLOYEES OF CAPRICE FURNITURE COMPANY, INC., AND CAPRICE FURNITURE COMPANY, INC., DEFENDANTS AND THIRD PARTY PLAINTIFFS v. SOLOMON BERKOWITZ, INDIVIDUALLY, THIRD PARTY DEFENDANT

No. 7622SC901

(Filed 1 June 1977)

Judgments § 2— order entered outside county where action pending — no authority of judge

The trial judge was without authority to enter an order of dismissal and entry of default where the action at all times was pending

in Alexander County; the judge heard the motion for and entered the order of dismissal and entry of default in Iredell County; the parties did not consent for the motion to be heard in Iredell County; and there was no statute authorizing the judge's action in that county.

APPEAL by plaintiff and third-party defendant from order of *Collier, Judge,* entered 29 March 1976, judgment of *Barbee, Judge,* entered 13 April 1976, and order of *Collier, Judge,* entered 30 June 1976, in Superior Court, ALEXANDER County. Heard in the Court of Appeals 11 May 1977.

Plaintiff instituted this action on 24 September 1975 in Alexander County. In its complaint, plaintiff alleged claims for relief on numerous grounds including breach of contract, improper cancellation of corporate stocks, and misuse of corporate property. Among other things, it asked for injunctive relief and monetary damages.

In their answer, as amended, defendants denied that they were liable to plaintiff in any manner. Defendant Caprice counterclaimed for breach of contract; and in a third-party complaint defendants alleged a claim against Solomon Berkowitz (an alleged official of plaintiff) on the grounds of libel and indirect defamation.

On 9 January 1976 counsel for defendants served notice on counsel for plaintiff and third-party defendant that they would take the oral depositions of Lieb Berkowitz, an officer of plaintiff corporation, and Solomon Berkowitz, individually and as an officer of plaintiff corporation, on 20 February 1976. On 12 February 1976 counsel for defendant served notice that the taking of depositions had been rescheduled for 27 February 1976.

On 21 and 23 February 1976 orders were signed allowing the attorneys of record for plaintiff and third-party defendant to withdraw from the case.

On 11 March 1976 defendants moved pursuant to G.S. 1A-1, Rules 41(b) and 37(d), for dismissal of plaintiff's claims and entry of and judgment by default against plaintiff and the third-party defendant on the ground that plaintiff and third-party defendant had failed to comply with the North Carolina Rules of Civil Procedure in that they failed to appear for the taking of depositions following proper notice.

In an order entitled "ORDER OF DISMISSAL AND ENTRY OF DEFAULT" dated 24 March 1976 and filed 29 March 1976, Judge Collier, Resident Judge of the Twenty-Second Judicial District, which includes Iredell and Alexander Counties, recited that on 23 March 1976, in the Iredell County Hall of Justice in Statesville, N. C., he heard and considered the motion of defendants and third-party plaintiffs for a dismissal of plaintiff's claims and for judgment by default against plaintiff and the third-party defendant; and that plaintiff and third-party defendant were not present or represented at said hearing although they had been given proper notice. Judge Collier found certain facts, including findings that plaintiff's officials and the third-party defendant had failed to appear for purpose of having their depositions taken although they had been given proper notice. He concluded that defendants were entitled to the relief asked for in their motion and ordered: (1) that plaintiff's claims be dismissed; (2) that default be entered in favor of defendants on their counterclaim against plaintiff; and (3) that default be entered in favor of defendants in their action against the third-party defendant. He further ordered that the cause be heard at the next session of superior court held in Alexander County to determine the amount of damages defendants were entitled to recover.

The cause came on for hearing before Judge Barbee in Alexander Superior Court on 12 April 1976 at which time plaintiff and third-party defendant did not appear in person or by counsel. After hearing testimony Judge Barbee entered a judgment finding facts, making conclusions of law and providing, among other things, that defendant Caprice recover $12,463.02 from plaintiff and that defendants recover $10,000 from the third-party defendant.

On 13 April 1976 plaintiff and third-party defendant, through their present counsel, moved for relief from the order entered by Judge Collier and the judgment entered by Judge Barbee. Following a hearing on the motion, in an order entered 30 June 1976, Judge Collier denied the motion.

Plaintiff and third-party defendant appealed. (On 15 November 1976 this court entered an order allowing counsel for defendants and third-party plaintiff to withdraw from the case.)

*Pope, McMillan & Bender, by W. H. McMillan, for plaintiff and third-party defendant appellants.*

*No counsel for appellees.*

BRITT, Judge.

In their first assignment of error, appellants contend that Judge Collier lacked authority to enter his order of dismissal and entry of default. This contention has merit.

This action was instituted, and at all times thereafter has been pending, in Alexander County. The record discloses that Judge Collier heard the motion for and entered the order of dismissal and entry of default in Iredell County. Although Iredell and Alexander Counties are both in the Twenty-Second Judicial District, and Judge Collier is the resident judge of that district, we think his action in this case was unauthorized.

In 1 McIntosh, North Carolina Practice and Procedure (2d ed. 1956) § 126, pp. 72-73, we find:

> Hearings before a judge outside the courthouse or out of the regular session of the Court are said to be at chambers, and such matters are called "in chambers business." Such hearings may be had in some cases by express statutory provisions and in others by consent of the parties, and may include all questions in a pending action, except the trial of issues of fact by a jury. The place of conducting "in chambers" business is ordinarily not material so long as it is conducted within the county in which the action is pending. But where "in chambers" business is conducted outside the county of pending action, it must be specifically authorized by statute or the parties must have consented. And where consent is given, it is held that such consent must appear on the face of the record.

In *Patterson v. Patterson,* 230 N.C. 481, 484, 53 S.E. 2d 658, 661 (1949), the Supreme Court stated that " . . . in this State a judge of the Superior Court has no authority to hear a cause or to make an order substantially affecting the rights of the parties outside of the county in which the action is pending unless authorized so to do by statute, or by consent of the parties."

In *Shepard v. Leonard,* 223 N.C. 110, 114, 25 S.E. 2d 445, 448 (1943), we find:

> Even as to regular judges "it is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending." *Bisanar v. Suttlemyre,* 193 N.C., 711, 138 S.E., 1; *S. v. Humphrey,* 186 N.C., 533, 120 S.E., 85; *Scott Drug Co. v. Patterson,* 198 N.C., 548, 152 S.E., 632; *Bank v. Hagaman,* 208 N.C., 191, 179 S.E., 759; *S. v. Whitley,* 208 N.C., 661, 182 S.E., 338.

We also note *Chappell v. Stallings,* 237 N.C. 213, 74 S.E. 2d 624 (1953), where an action to foreclose a tax lien on property was brought in Perquimans County and judgment by default was entered. Before the foreclosure sale was held, a temporary restraining order was issued enjoining the sale of the land until further notice of the court. A show cause hearing was held in Elizabeth City where Judge Williams determined that the commissioner was authorized and permitted to proceed with the sale of the land. In a dictum statement the Supreme Court stated:

> "We know judicially that Elizabeth City is the county seat of Pasquotank County. Judge Williams was precluded from passing on the merits of the motion in the cause at Elizabeth City under the procedural rule that except by consent or in those cases specially permitted by statute, the judge can make no orders in a cause outside of the county in which the action is pending."

This case is governed by the quoted rule. Certainly the order of dismissal and entry of default affected substantial rights of appellants. They did not consent for the motion to be heard in Iredell County and our research fails to disclose any statute authorizing Judge Collier's action in that county. We hold that the order of dismissal and entry of default was invalid.

Appellants assign as error entry of the judgment by Judge Barbee. Since this judgment was predicated on the entry of

default ordered by Judge Collier, we hold that it cannot stand and it too will be vacated.

Appellants assign as error the order of Judge Collier entered 13 April 1976 denying their motion for relief from his previous order and the judgment of Judge Barbee. We hold that this order also should be vacated and it is so ordered.

The orders and judgment appealed from are vacated and this cause is remanded to the Superior Court of Alexander County for further proceedings.

Remanded.

Judges VAUGHN and ARNOLD concur.