STATE v. E. W. RAY and W. A. ANDERSON.

*Judgment—Judges—Jurisdiction.*

1. Whether a Judge can grant a judgment taxing a county with the payment of costs, at Chambers and in vacation, *quære.*

2. The resident Judge of a district has no other powers within such district in vacation, than any other Judge of the Superior Court.

(*Bear* v. *Cohen*, 65 N. C., 511; *Myers* v. *Hamilton*, Ibid., 567; *Morriss* v. *Whitehead*, Ibid., 637; *Howse* v. *Mauney*, 66 N. C., 221; *Corbin* v. *Berry*, 83 N. C., 27; *Galbreath* v. *Everett*, 85 N. C., 546; cited and approved).

MOTION to tax costs, heard before *Avery, Judge,* at Chambers, in Morganton, on January 5th, 1886.

It appears that E. W. Ray and W. A. Anderson were indicted in the Superior Court of the county of Mitchell for the crime of murder. The action was removed to the Superior Court of the county of Caldwell for trial, which was there had. Ray was convicted of manslaughter, and Anderson of murder. Afterwards they escaped and fled the country. The costs of the prosecution were considerable, and the convicted parties were insolvent. Parties claiming costs in the

action, gave notice of a motion to be made before a Judge at Chambers, to tax the costs of the action against the county of Mitchell.

At Chambers, on the 14th day of November, 1885, the Judge made an order in the action mentioned above, requiring the commissioners of the county of Mitchell to show cause on the 21st of December, 1885, before him at Chambers, in Morganton, "why the county of Mitchell shall not be adjudged to pay the costs in the above entitled cases."

Notice of this order was served upon the commissioners of the last named county.

On the 21st of December, 1885, at Chambers, the motion mentioned above was continued, to be heard at Chambers, in Morganton, on the 5th day of January, 1886, at which time the Judge gave a judgment, whereof the following is a copy:

"It appearing to the satisfaction of the Court, that notices were duly served on the commissioners of Mitchell county, to shown cause why the county of Mitchell should not be adjudged to pay the costs in the above case, at Chambers, in Morganton, before me on the 21st of December, 1885, and said cause having been continued until to-day, to give said commissioners further time to answer, and no answer being filed; and it appearing that the felonies for which the defendants were indicted were committed in Mitchell county, and that said costs were incurred in said cause by the State, and that defendants have broken jail, and have not been retaken, and that the said defendants are insolvent, and said bills of costs having been duly approved by the Solicitor, it is now, on motion, ordered and adjudged, that the county of Mitchell pay said costs, as taxed by the clerk."

Afterwards, at the Spring Term, 1886, of the Superior Court of the county of Caldwell, the commissioners of the county of Mitchell moved to strike out or set aside the judgment above set forth, upon the ground that the Judge had no authority to make the same in vacation at Chambers;

and the further ground, that it is irregular, and suggested upon affidavit, that numerous items of cost, amounting to a large sum of money, had been improperly taxed in the bill of costs, &c.

The Court denied this motion, upon the ground that it had no authority to grant it, and gave judgment accordingly, from which the commissioners appealed to this Court.

*Mr. Chas. M. Busbee,* for Mitchell county.
No counsel *contra.*

MERRIMON, J., (after stating the facts). It is very questionable whether any Judge could, at Chambers, and out of term time, grant a judgment like that in question here purports to be, without the consent of the parties, but we need not now decide that question, for, if he could, we think the particular Judge who undertook to grant this one had not authority to do so.

This Court takes judicial notice of the judicial districts of the State, and what counties each embraces, and also of where the several Judges of the Superior Courts are, in the course of their ridings, and in the course of the discharge of their official duties respectively. This is so, because these matters are regulated by public statutes. Although the Judges may exchange particular Courts in their respective districts with the sanction of the Governor, still the presumption is, that each is in the particular district to which the law assigns him, and if the contrary is the fact, it must in a proper way be made to appear.

It appears from the record, that the Judge of, and residing in the tenth judicial district, gave the judgment, which the appellant insists is void or irregular, on the 5th of January, 1885, at Chambers, in Morganton, in the county of Burke, which county is in and forms part of that district. At the time this judgment was given, regularly and prop-

erly, the Judge who gave it had authority in the discharge of his official duties in the eleventh judicial district, and not in the tenth. The statute (Acts 1885, ch. 180, §2) re-districting the State, provided that the Judge of the tenth district should ride the Fall circuit thereof of 1885, and thereafter he should "ride the circuits and hold the Courts of the several districts in the order of their numbers in rotation;" and §8 of the same statute provides, that "the Judge riding any Spring circuit shall hold all the Courts which fall between January and June, both inclusive; and the Judge riding any Fall circuit shall hold all the Courts which fall between July and December, both inclusive."

The wholesome purpose of the statutory provisions just cited is, to establish order, and prevent confusion in the exercise of judicial authority by the Judges of the Superior Courts. Each one is assigned to and knows the territorial subdivision of the State within which, for a stated period of time, he may exercise his general authority as Judge, and he is not authorized to exercise his ordinary jurisdictional power elsewhere. The first period in each year begins on the first day of January, and ends on the thirtieth day of June inclusive—the second begins the first day of July, and ends the thirty-first day of December inclusive. This is the just and reasonable import of the statute, and thus the periods are made certain and definite.

The judgment in question was one to be granted or refused by the Judge in the ordinary exercise of his judicial authority—it was not extraordinary and exceptional, and did not come within that class of cases and matters as to which the Judge has jurisdiction anywhere and everywhere in the State, as in the case of granting a restraining order, and in the like cases.

That each Judge of the Superior Court has general jurisdiction only in the judicial district to which he is assigned by the statute, except in case of the exchange of Courts with

33*

another Judge, or of special commission to hold a special term of Court in a particular county, seems to have been understood as the law ever since the present system of judicature in this State was established. *Bear* v. *Cohen*, 65 N. C., 511; *Myers* v. *Hamilton*, Ibid., 567; *Morriss* v. *Whitehead*, Ibid., 637; *Howse* v. *Mauney*, 66 N. C., 221; *Corbin* v. *Berry*, 83 N. C., 27; *Galbreath* v. *Everett*, 85 N. C., 546.

It follows that the Judge had no jurisdiction to grant the supposed judgment of which the appellants complain. It was therefore void, and should have been so declared by the Court below.

The motion of the appellees pending before the Judge of the tenth judicial district at the time he passed into the eleventh, should have been left to be disposed of by his successor.

There is error. The order appealed from must be reversed, and further proceedings had in the matter of the motion, according to law. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                             Reversed.