MOORE v. MOORE.

(Filed November 25, 1902.)

1. DIVORCE—*Alimony Pendente Lite—Reduction—Motions—Venue.*

   A motion to reduce alimony *pendente lite* may be made anywhere in the district in which the action is pending.

2. DIVORCE—*Alimony Pendente Lite—Reduction—Motion—Jurisdiction—Acts 1901, Chap. 28, Sec. 4—The Code, Secs. 335-337, 379.*

   A resident judge holding court in another district can not hear a motion to reduce alimony *pendente lite*, in a suit pending in the district in which he resides.

3. DIVORCE—*Alimony Pendente Lite—Reduction—Motions—The Code, Secs. 274, 1291.*

   Where a motion to reduce alimony *pendente lite* has been disallowed, another motion for the same purpose should not be heard unless a different state of facts is shown and a receipt exhibited for a reasonable proportion of the allowance made at the former hearing.

ACTION by Jennette G. Moore against J. H. Moore, heard by Judge *W. B. Councill,* at Chambers, at Hickory, N. C., July 26, 1902. From an order reducing alimony *pendente lite* in a divorce suit pending in Alexander County, the plaintiff appealed.

*Long & Nicholson,* for the plaintiff.
*A. C. McIntosh,* for the defendant.

CLARK, J. This is a motion for alimony *pendente lite* which was before this Court, 130 N. C., 333. When the decision was certified down, the defendant moved, on 10th July, 1902, before Judge Starbuck, then holding by regular rotation of the Courts of the Thirteenth Judicial District, in which this action is pending, to reduce the former allowance.

This his Honor refused, rendering the judgment set out in the record. Thereupon, on 26th July, 1902, the defendant renewed the motion before Judge Councill, the resident Judge of the Thirteenth Judicial District, but at that time in regular rotation, assigned to duty in the Fifteenth Judicial District, who reduced the allowance to $3,000, and the plaintiff appealed. Her first exception is that Judge Councill had no jurisdiction.

A motion for judgment on the merits, or a motion in the cause, strictly speaking, can be heard only in the county where the action is pending, but a motion in an ancillary proceeding can be heard anywhere in the district, and this being a motion of that nature could be so heard. *Moore v. Moore,* 130 N. C., 334, and cases there cited. There is no defect of jurisdiction on that score, as the hearing was within the district. But, under our rotating system, the Judge holding by rotation the Courts of a district has, during the six months he is assigned thereto (Laws 1901, Chap. 28, Sec. 4), the sole jurisdiction therein (*State v. Ray,* 97 N. C., 510, and numerous cases there cited), just as the resident Judge had when there was no rotation (*Birdsey v. Harris,* 68 N. C., 92), except in the cases otherwise specially provided by statute, and those exceptions in civil cases are restricted to restraining orders and injunctions to the hearing (Code, Secs. 335-337), and the apopintment of receivers. Code, Sec. 379. *Habeas corpus* proceedings are an exception also, but that is a prerogative writ. As to contempt proceedings they are criminal in their nature, for the Governor can relieve from the judgment by virtue of the pardoning power. *Herring v. Pugh,* 126 N. C., at page 862.

Judge Councill was by virtue of the statute Judge, at the time this motion was heard, of the Fifteenth Judicial District, and having no jurisdiction in the Thirteenth Judicial District, in which he was resident, of any motion in a civil

action (*State v. Ray, supra*), other than motions for re-straining orders, injunctions to the hearing, and for appointment of receivers, his judgment herein is therefore void.

The plaintiff further contends that Judge Starbuck's order of 12th July made this matter of reduction of the alimony *res judicata.* It is true that when a Judge of the Superior Court has rendered an erroneous judgment the remedy is solely by appeal, and that another Judge can not modify or hold it erroneous. *Henry v. Hilliard,* 120 N. C., at page 487. Such other Judge can set aside a judgment at any time, if void or irregular, and may relieve a party from a judgment, within one year after notice of the judgment, for mistake, inadvertence, surprise or excusable neglect. Code, Sec. 274. The Code, Sec. 1291, also provides that, as to alimony *pendente lite,* "such order may be modified or vacated at any time." In *Moore v. Moore,* 130 N. C., at page 337, this Court expressed the opinion that the allowance was a large one, but held that it was "not so gross as to be an abuse of discretion," and hence if the motion for a modification should be refused, no appeal would lie, certainly it would not, unless an entirely new state of facts were developed on the new motion, and found by the Judge, which would render such refusal an abuse of discretion. Judge Starbuck heard and refused the motion to modify, 11th July, 1902, and no appeal was taken, and the order of Judge Councill, making a reduction 26th July, 1902, was void, for want of jurisdiction. We will not say that if a new state of facts is presented on a new motion to reduce the allowance, that the Judge holding the Courts of the district would not be authorized to consider and pass upon it. As no appeal lies, for reasons stated *supra,* such motion will not cause appreciable delay and can hardly be deemed vexatious, as each Judge holds jurisdiction in a district for six months, and in that time the allowance can be collected by enforcement of the

judgment. Indeed, the motion does not suspend execution of the judgment. That is suspended only by an appeal, when an appeal lies and a proper bond is given.

The granting of alimony *pendente lite* is given by statute for the very purpose that the wife may have immediate support and be able to maintain her action. It is a matter of urgency. Therefore, to avoid delay by appeal, the amount is left to the discretion of the Judge, and his action can not be reviewed unless in a clear case of abuse of discretion. This imposes on the Judges of the Superior Courts the duty of being moderate in their allowances of alimony, because the fact whether the wife has a good cause of action has yet to be passed upon by a jury. On the other hand, an appeal (except in a clear case of abuse of discretion) is not allowable, and the plaintiff should not be vexed nor delayed of the support the statute and the judgment give her, by successive motions for reduction. Unless there is a material change in condition, or evidence showing a different state of facts, no motion for a reduction should be made, and, even then, it should be peremptorily dismissed unless accompanied by a receipt for so much of the sum allowed as is reasonably a fair proportion of the allowance in accordance with the pecuniary condition of the defendant, as alleged in the motion to reduce, compared with his pecuniary worth, as found by the Judge who granted the first order.

As there was no appeal from Judge Starbuck's order 12th July, 1902, refusing a reduction, and we can not consider the findings of fact on Judge Councill's order granting a reduction on 26th July, 1902, since he was without jurisdiction, we can not say that there are not facts which may not now authorize a renewed motion, before a proper Judge; but such reiterated motions are not seemly and may be easily vexatious and oppressive. The Judge should not entertain or consider another motion unless accompanied by a receipt for the pay-

ment of whatever part of the allowance already made, as justice to the plaintiff and her necessities require, as above stated.

Motion Dismissed.