A. D. WARD ET AL. v. DORA AGRILLO.

(Filed 5 October, 1927.)

1. **Judgments—Clerks of Court—Pleadings—Default and Inquiry—Appeal and Error—Resident Judge—Jurisdiction—Statutes.**

   The power of the resident judge to hear appeals from the Superior Court clerk of the county of his residence must rest alone by statute, and he is without statutory authority to entertain such appeals involving the question as to whether the plaintiff in an action to recover for services rendered the defendant is entitled to a judgment by default and inquiry for the want of an answer. 3 C. S., 593; Const. of N. C., Art. IV, sec. 11.

2. **Clerks of Court—Pleadings—Judgments—Default and Inquiry—Jurisdiction.**

   The clerks of the Superior Court have jurisdiction to hear and determine motions for judgment by default, etc., for the want of answer to the complaint filed in an action properly brought in their respective counties.

APPEAL by defendant from judgment of *Nunn, J.,* resident judge of Fifth Judicial District, at Chambers. Appeal dismissed.

*Guion & Guion, D. L. Ward and Whitehurst & Bardin for plaintiffs. Shaw & Jones for defendant.*

CONNOR, J., Plaintiffs in this action demand judgment that they recover of defendant for professional services rendered, and expenses incurred by them, as attorneys and counsellors at law, in defendant's behalf and at her request.

21—194

The summons, dated 31 March, 1927, and returnable in the Superior Court of Craven County on 15 April, 1927, was personally served on 1 April, 1927. On the return day plaintiffs filed their duly verified complaint. No answer has been filed thereto by defendant. She filed a motion before the clerk of the Superior Court for the removal of the action to the District Court of the United States for trial. The motion was denied by the clerk on 5 May, 1927. Defendant's appeal from the order of the clerk, denying her motion for removal, was heard by the judge presiding at the May Term, 1927, of the Superior Court of Craven County. The order of the clerk was affirmed. There was no appeal from the judgment affirming the order of the clerk and denying defendant's motion for removal. The record does not show that defendant has taken further action to have the cause removed to the District Court of the United States for trial. It is still pending in the State Court.

After defendant's motion for removal had been denied, plaintiffs moved before the clerk of the Superior Court for judgment by default and inquiry. 3 C. S., 593. From the refusal of the clerk to enter judgment upon this motion, plaintiffs appealed to the resident judge of the Superior Court. Upon the hearing of this appeal by the said judge on 2 July, 1927, at New Bern, N. C., both plaintiffs and defendant appeared by their respective attorneys. After argument judgment was rendered by said judge, remanding the action to the clerk, with directions "to enter judgment for the plaintiffs in the form tendered, or in some other form of equivalent effect." To this judgment defendant excepted.

Thereafter, on 25 July, 1927, the clerk of the Superior Court rendered judgment for plaintiffs and against defendant, by default and inquiry, directing therein that an issue be submitted to a jury to be empaneled at the next or at a subsequent term of the Superior Court of Craven County, for the assessment of damages, etc. To this judgment defendant excepted. She has appealed therefrom to the judge of the Superior Court. It does not appear that this appeal has been heard or disposed of. It is still pending.

This action is here upon the appeal of defendant from the judgment of the resident judge, remanding the action to the clerk, with directions. Only the validity of this judgment is, therefore, presented by this appeal. Defendant's contention that the judgment is void, for that the resident judge was without jurisdiction to hear and determine the appeal from the clerk, is well founded.

In *S. v. Ray,* 97 N. C., 510, it is held by this Court that each judge of the Superior Court has general jurisdiction only in the judicial district to which he is assigned by statute enacted pursuant to the pro-

visions of section 11 of Article IV, of the Constitution of North Carolina, except in case of the exchange of courts with another judge, or of special commission to hold a special term of court in a particular county. It is there said that "this seems to have been understood as the law ever since the present system of judicature was established." See *Moore v. Moore,* 131 N. C., 371, where it is held that a resident judge holding court in another district cannot hear a motion to reduce alimony *pendente lite* in a suit pending in the district in which he resides. The judge assigned by statute to a district is the judge thereof for six months, beginning on 1 January or July, as the case may be. *Hamilton v. Icard,* 112 N. C., 589. The resident judge has no jurisdiction, except such as has been or may be expressly conferred by statute.

In the absence of statutory provision to that effect, the resident judge of a judicial district has no jurisdiction to hear and determine an appeal from a judgment of the clerk of the Superior Court of any county in his district, rendered pursuant to the provisions of 3 C. S., 593, except when such judge is holding the courts of the district by assignment under the statute, or is holding a term of court by exchange, or under a special commission from the Governor. No jurisdiction is conferred upon the resident judge by the requirement of the Constitution that every judge of the Superior Court shall reside in the district for which he is elected. The General Assembly has power, however, to confer jurisdiction upon such judge by statute, as it has done in the case of a final order or judgment, affecting the merits of the case, rendered in a special proceeding, *ex parte,* where an infant or the guardian of an infant is a petitioner, C. S., 761; and also with respect to the hearing of restraining orders and injunctions. C. S., 852. There is no provision in the recent statutes enacted by the General Assembly to expedite and reduce the cost of litigation, providing that a resident judge may hear and determine appeals from judgments rendered by the clerks of the Superior Courts of the several counties as authorized by 3 C. S., 593.

The judgment appearing in the record rendered by the resident judge of the Fifth Judicial District, upon plaintiff's appeal from the refusal of the clerk to render judgment upon plaintiff's motion for judgment by default and inquiry, is void; it has no effect or validity. The judge was without jurisdiction to hear and determine the appeal.

However, the clerk has since rendered judgment upon plaintiff's motion, and defendant's appeal from this judgment to the judge of the Superior Court is now pending. Nothing appears in this record by which her right to be heard upon this appeal has been prejudiced. The judge holding the courts of Craven County may hear and deter-

mine this appeal, without regard to the judgment of the resident judge, which has no force or effect, for the reason that he was without jurisdiction to render the judgment.

It does not appear from the record upon what grounds the clerk first refused to render judgment upon plaintiff's motion—whether he was of opinion that he was without power to do so, or whether upon consideration of the motion he was of opinion that plaintiffs were not entitled to the judgment, upon their complaint. As he has subsequently heard the motion and rendered judgment, we conclude that he was of opinion, when the motion was first made, that he was without power. The statute expressly confers upon him the power to consider the motion and render judgment in accordance therewith, if he was of opinion that plaintiffs, upon their complaint, were entitled to judgment by default and inquiry. This appeal must be

Dismissed.