WARD & WARD v. DORA AGRILLO.

(Filed 26 September, 1928.)

1. **Trial—Verdict—Setting Aside Verdict.**

   A verdict may be set aside out of term and out of the county under an agreement of counsel authorizing the judge to do so.

2. **Attorney and Client—Fees.**

   Attorneys rendering services to a party litigant are entitled to at least nominal compensation in their action to recover upon *quantum meruit.*

APPEAL by defendant from order of *Harris, J.,* signed at Kinston, N. C., on 25 May, 1928. Affirmed.

This is an action to recover for professional services rendered to defendant, at her request, by plaintiffs, attorneys and counsellors at law, begun and pending in the Superior Court of Craven County. A former appeal by defendant to this Court was dismissed. 194 N. C., 321, 139 S. E., 451.

Judgment by default and inquiry was rendered by the clerk of said court on 25 July, 1927. At February Term, 1928, the action was tried, and the following issue was then submitted to the jury:

"What amount are plaintiffs entitled to recover of the defendant?"

This issue was answered, "Nothing." From an order signed by the trial judge at Kinston, N. C., on 25 May, 1928, setting aside the verdict as a matter of law, defendant appealed to the Supreme Court.

*D. L. Ward, Whitehurst & Barden and W. B. R. Guion for plaintiffs.*
*Shaw & Jones and B. C. Beckwith for defendant.*

PER CURIAM. We have examined the record and case on appeal in this action with care. The assignments of error, appearing in the case on appeal, and discussed in the briefs filed in this Court upon defendant's appeal, cannot be sustained. We find no error for which the order setting aside the verdict, as a matter of law, should be reversed. The order is affirmed.

The judge finds, as recited in the order, that it was agreed at February Term, 1928, of the Superior Court of Craven County that the court might take any action on the verdict out of term and out of the county that it could have taken during said term. Stipulations to this effect, signed by counsel, appear in the record. Both parties to the action were represented by counsel when plaintiff's motion to set aside the verdict was heard and signed at Kinston, N. C., on 25 May, 1928.

Defendant's exception to the judgment by default and inquiry, and her appeal therefrom, upon the facts appearing in the record, were abandoned. It does not appear that there is merit in the exception; the judgment by default and inquiry is valid. By virtue of said judgment plaintiffs are entitled to recover of defendant at least a nominal sum. As his Honor properly held, there was error on the trial for which the verdict should have been set aside as a matter of law. Upon the next trial the jury should be instructed that plaintiffs are entitled to recover of defendant at least nominal damages. C. S., 596, and cases cited.

Affirmed.