STATE v. W. E. GREEN.

(Filed 30 October, 1929.)

**Criminal Law I c—In this case held: abuse of defendant in solicitor's argument entitled defendant to new trial.**

In a criminal action the defendant is entitled to the protection of the court against the unwarranted abuse of his character by the solicitor in his argument when not supported by the evidence or by reasonable inference therefrom, and a new trial will be awarded on appeal where the trial judge refuses the appeal to him by the defendant's counsel and affords no relief from the unwarranted imputations.

CRIMINAL ACTION, before *Cranmer, J.,* at May Term, 1929, of CUMBERLAND.

The defendant was convicted of the crime of assault upon his wife, and also of the crime of nonsupport, and sentenced to serve a term of thirty-six months. From judgment pronounced the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Malcolm McQueen and Dye & Clark for defendant.*

BROGDEN, J. The record shows the following:
During the argument of counsel the solicitor, in the closing address, spoke to the jury as follows: "Gentlemen of the jury, the defendant has made himself so obnoxious to the court that even his own counsel have deserted him." The defendant's counsel excepted to this statement by the solicitor. (One of the counsel for the defendant left the courtroom at the noon recess, and after all the evidence was in, and did not return before verdict, it being agreed there was to be but one argument to the jury by the defendant's counsel, and that by Mr. McQueen.)
The court failed to make any statement, and the Solicitor continued as follows:
"I have the supremest contempt, if that be a proper word, Mr. McQueen, for any man who will sink so low in society, as this defendant has done, and swear, falsely, that his wife has committed adultery and obtain a divorce on those false grounds. The first thing you know, gentlemen of the jury, this defendant will have some girl around here and fool her into marrying him, claiming he has a divorce, and he will be indicted for bigamy."
The defendant's counsel objected to these statements on the grounds that there was no evidence of a divorce on the ground of adultery, and that his counsel had not deserted him, and therefore, the solicitor should not draw conclusions which were not supported by the facts and the evidence.
The court again failed to interpose, and the solicitor was allowed to continue this line of argument and statements without interruption.
The defendant excepted.
In *Lamborn v. Hollingsworth*, 195 N. C., 350, 142 S. E., 19, this Court said: "Under our law it is the undoubted right of counsel to argue every phase of the case supported by the evidence without fear or favor, and to deduce from the evidence offered all reasonable inferences which may flow therefrom. The testimony and conduct of witnesses and parties must at all times be subject to such criticism and attack as the circumstances reasonably justify. However, the baiting and badgering of witnesses and parties ought not to be permitted by the court. Parties come into court, as they have a right to do, to have controversies deter-

mined according to the orderly processes of the law, and witnesses are compelled to come to court whether they desire to do so or not. At all events, as long as they demean themselves in a courteous manner they are entitled to the same courtesy in the courthouse as would be accorded to a citizen in any other business transaction."

The argument made in behalf of the State exceeded the limit of fair comment, and was not justified by the evidence introduced in the cause. The defendant testified "that he had maintained his residence in Florida all of his life and, after the warrant was issued, got a divorce there." Hence there was nothing in the evidence to indicate that the divorce was secured upon the ground of adultery or that the defendant was attempting to fool any girl into marrying him or that there was any probability of an indictment for bigamy.

The defendant, according to the orderly processes of law, appealed to the court for protection, and did not receive it. He is, therefore, entitled to a

New trial.