A. W. HOWARD v. QUEEN CITY COACH COMPANY.

(Filed 17 March, 1937.)

1. **Judges § 2a: Venue § 8a—**
    The resident judge of a district, when not holding court in the county in his district in which the cause is pending, has no jurisdiction to hear an appeal from the clerk refusing defendant's motion for change of venue on the ground of the residence of the parties, and where the record does not show that the judge was holding court in the county the cause will be remanded for determination by a judge holding court.

**2. Appearance § 2b—**

A party cannot, by consent or appearance, confer jurisdiction on the court when there is none in law, and appearance of counsel upon a hearing of a motion for change of venue does not waive such party's objection that the judge hearing the motion was without jurisdiction.

APPEAL by defendant from an order of *Pless, Resident Judge* of the Eighteenth Judicial District, entered in McDOWELL County, 1 January, 1937. Error and remanded.

Plaintiff instituted suit against the defendant in the Superior Court of McDowell County on 27 July, 1936, and filed complaint alleging a cause of action growing out of the negligence of the defendant. Within the time for answering, defendant filed with the clerk petition and motion for removal of the cause to the Superior Court of Buncombe County, on the ground that plaintiff was a resident of Buncombe County at the time of instituting the action. On 1 October, 1936, the clerk of the Superior Court of McDowell County made an order denying the motion for removal, and the defendant excepted and appealed. On 19 December, 1936, plaintiff caused notice to be served on counsel for defendant that he would move for hearing on said appeal at the courthouse in Marion, North Carolina, on 1 January, 1937.

At said time and place the parties appeared and the motion was heard by J. Will Pless, Jr., Resident Judge of the Eighteenth Judicial District, who made certain findings and upon such findings entered an order denying defendant's motion for removal. The order recited that the cause "came on to be heard before J. Will Pless, Jr., Resident Judge of the Eighteenth Judicial District," and the order was signed "J. Will Pless, Jr., Resident Judge."

There was nothing in the record to show that there was or was not a session of the Superior Court of McDowell County being held on 1 January, 1937, or that Judge Pless was presiding therein by exchange or otherwise. The regular rotation of Superior Court judges indicated that Judge Clement was assigned to hold the term of McDowell court beginning 28 December, 1936.

From the order of Judge Pless affirming the order of the clerk, defendant appealed.

*Morgan & Story for plaintiff.*
*R. R. Williams for defendant.*

DEVIN, J., after stating the case: The principal question presented by this appeal is whether the resident judge of a judicial district, when acting in that capacity alone, has jurisdiction to hear and determine an appeal from an order ·of the clerk denying a motion to remove a cause to another county.

This question seems to have been decided by this Court in *Ward v. Agrillo,* 194 N. C., 321. From the well considered opinion by *Connor, J.,* in that case we quote the following: "In the absence of statutory provision to that effect, the resident judge of a judicial district has no jurisdiction to hear and determine an appeal from a judgment of the clerk of the Superior Court of any county in his district, rendered pursuant to the provisions of 3 C. S., 593, except when such judge is holding the courts of the district by assignment under the statute, or is holding a term of court by exchange, or under a special commission from the Governor. No jurisdiction is conferred upon the resident judge by the requirement of the Constitution that every judge of the Superior Court shall reside in the district for which he is elected."

It follows that, upon the record before us, the resident judge was without jurisdiction to make the order appealed from.

Nor may the fact that counsel for defendant appeared at the hearing be held to constitute a waiver. While a party may waive his right to have a cause removed, he cannot by consent or by appearance confer jurisdiction when there is none in law. *Dees v. Apple,* 207 N. C., 763; *Realty Co. v. Corpening,* 147 N. C., 613.

It is necessary, therefore, that this case be remanded to the Superior Court of McDowell County in order that the judge holding the courts of said county may hear and determine the appeal from the order of the clerk.

Error and remanded.