JOHN W. COLLINS AND EDWIN C. COLLINS, INDIVIDUALLY AND AS TRUS-
TEES, AND PLATO COLLINS, SR., v. LIZZIE WOOTEN, KATE STROUD,
MAB STROUD, AND CLYDE STROUD, CHILDREN AND HEIRS AT LAW OF
ANNIE STROUD, DECEASED, ET AL.

(Filed 3 November, 1937.)

1. Judges § 2a—
   The constitutional requirement that a judge shall reside in the district for which he is elected confers no jurisdiction, and the resident judge, while not holding the courts of his district by assignment, exchange, or special commission, has jurisdiction of matters pending in his district only when expressly conferred by statute.

2. Courts § 3—Where order of resident judge is void for want of jurisdiction, judge holding subsequent term may hear matter.
   Where the resident judge, while not holding courts in the district, approves the clerk's order allowing attorneys' fees in a special proceeding, another judge subsequently holding court in the county may hear an appeal from the clerk's order, the appeal not being from one Superior Court judge to another, since the order of approval is void for want of jurisdiction.

3. Executors and Administrators § 29—
   Beneficiaries of an estate have a right to have a Superior Court judge, having jurisdiction, hear and determine their appeal from the clerk's order allowing attorneys' fees for services rendered in connection with the sale of lands to make assets and sale for division.

APPEAL by the defendants, Mrs. Mary Hill Manning, Mrs. Leah Hill Nunn, Nathan Hill and Norman Hill, from *Hamilton, Special Judge,* at August Term, 1937. From LENOIR. Error and remanded.

This was a special proceeding instituted by the plaintiffs before the clerk of the Superior Court of Lenoir County for the sale of certain lands belonging to the parties hereto as heirs at law of the late Nathan B. Wooten. After the death of Nathan B. Wooten, in a proceeding to sell his land for division, Allen W. Wooten, commissioner appointed by the court, sold and conveyed to H. W. Davis Lot No. 3 of said land and took as part payment for the purchase price four notes secured by trust

deed. The commissioner failed to collect said notes or to foreclose said deed of trust, and the same became barred by the statute of limitations. Jones and wife conveyed said tract of land to E. A. and J. R. Hardy. The plaintiffs procured quitclaim deeds from E. A. Hardy and wife and J. R. Hardy to them as trustees for the heirs of Nathan B. Wooten, and this proceeding was instituted for the purpose of selling the said land for division.

After the land had been sold and the sale confirmed, counsel for the plaintiffs filed a petition before the clerk for an allowance for attorneys' fees, setting forth in the petition that the plaintiffs have entered into a contract to pay said counsel 33 1-3 per cent of the full purchase price. Decree was entered, allowing plaintiffs' counsel $1,333.33 without notice to the defendants, and the order allowing attorneys' fees was on the same date, to wit, 3 July, 1937, approved and confirmed by Henry A. Grady, resident judge. On 13 July, 1937, certain of the defendants filed exceptions to said order and served notice of appeal. Thereupon the clerk voluntarily reduced the amount allowed to $1,000. When the cause came on to be heard in the Superior Court the judge found that the said order is an order of the resident judge and that the court was without authority to pass upon the exception of the defendants and dismissed the appeal. The above named defendants excepted and appealed.

*Louis I. Rubin and Rouse & Rouse appearing herein on their own behalf as petitioners, appellees.*

*S. H. Newberry, for defendants, appellants.*

BARNHILL, J. A judge of the Superior Court, when not holding the courts of the district of his residence by assignment under the statute, or by exchange, or under a special commission from the Governor, has jurisdiction in matters pending in his home district only when such jurisdiction is expressly conferred by statute. No jurisdiction is conferred upon the resident judge by the requirement of the Constitution that every judge of the Superior Court shall reside in the district for which he is elected. *Ward v. Agrillo,* 194 N. C., 321; *Howard v. Coach Co.,* 211 N. C., 329.

The approval by the resident judge of the order of the clerk allowing attorneys' fees neither added to nor subtracted from its legal effect. It remained essentially an order of the clerk. There is no statute conferring upon the resident judge the duty or authority to approve or disapprove orders made by a clerk allowing attorneys' fees in special proceedings. The appeal by the defendants from the order of the clerk as approved by the resident judge was not an appeal from one judge of the Superior Court to another. *Dail v. Hawkins,* 211 N. C., 283; *S. v.*

*Lea,* 203 N. C., 316, 166 S. E., 292; *Wellons v. Lassiter,* 200 N. C., 474, are not in point.

We are not called upon at this time to decide whether the clerk had the authority to allow counsel for the plaintiffs attorneys' fees for services rendered in this proceeding. Even if it be conceded that the clerk possessed such power the defendants are entitled to have their appeal heard and determined by the judge of the Superior Court having jurisdiction thereof.

There was error in the judgment, and the cause is remanded for a hearing upon defendants' appeal.

Error and remanded.