### STATE v. F. J. THOMPSON.

(Filed 8 June, 1940.)

**Criminal Law § 51—**

   In the prosecution of a cafe proprietor for killing a customer in the cafe, the failure of the court to adequately protect defendant from extraneous and irrelevant argument of counsel, made over defendant's objection, to the effect that the establishment maintained by defendant amounted to a nuisance against public morals and was corrupting the morals of young people *is held* to entitle defendant to a new trial.

APPEAL by defendant from *Nettles, J.,* at January Term, 1940, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Earl Latham.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for a term of not less than five nor more than seven years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Roy L. Deal and Ingle, Rucker & Ingle for defendant.*

STACY, C. J. The defendant operates a cafe and filling station on the High Point Road about two miles from Winston-Salem known as the Avalon Plaza. On the night of 22 December, 1939, or at an early hour on the morning of the 23rd, Earl Latham and several of his companions were customers in the defendant's cafe. They became boisterous; whereupon remonstrances were interposed, and as a consequence, the defendant shot Earl Latham with a pistol and killed him. The defendant

admitted the killing with a deadly weapon and set up a plea of self-defense. The State insisted on a verdict of murder in the second degree.

During the argument before the jury, counsel for the private prosecution contended that the defendant's place of business "not only stayed open all hours of the night but sold cups to permit the customers to drink whiskey there and that kind of place should not be allowed in Forsyth County." Upon objection, the court instructed the jury that "there is no evidence, which the court recalls, of this place selling any whiskey or any cups for the purpose of drinking liquor. . . . However, you are the sole judges of the facts, gentlemen of the jury, and the evidence, and you will depend entirely upon your recollection of the evidence and not the recollection of the court." Whereupon counsel for the private prosecution repeated his contention over objection of the defendant and without further correction from the court. Counsel for the private prosecution also argued to the jury "that if there be a hell, and he believed there was a hell, the place operated by the defendant and similar places were sending more young people to hell than anything else." Objection; overruled; exception.

These exceptions must be held for error on authority of what was said in *S. v. Green,* 197 N. C., 624, 150 S. E., 18; *S. v. Phifer, ibid.,* 729, 150 S. E., 353; *S. v. Evans,* 183 N. C., 758, 111 S. E., 345; and *S. v. Tuten,* 131 N. C., 701, 42 S. E., 443.

The defendant was not being tried for maintaining a nuisance or for corrupting the morals of young people. These extraneous and irrelevant matters were not germane to the case and were prejudicial. *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720, and cases there cited. The error lies in the court's inaction, or failure to take adequate action, in the face of objections and protests by the defendant. *S. v. Tyson,* 133 N. C., 692, 45 S. E., 838.

There are other exceptions appearing on the record worthy of consideration, especially some of the exceptions to the charge, but as they are not likely to occur on the further hearing, we shall not consider them now.

The defendant is entitled to a new trial. It is so ordered.

New trial.