MRS. P. P. SHEPARD v. F. B. LEONARD AND WIFE, MRS. RUTH A. LEONARD.

(Filed 28 April, 1943.)

**1. Courts § 1a—**

The instant a court perceives that it is exercising, or about to exercise, a forbidden or ungranted power, it ought to stay its action, for such action will be a nullity.

**2. Same: Appeal and Error §§ 1, 30b—**

If the Superior Court acts without jurisdiction, on appeal the Supreme Court acquires no jurisdiction and will, *ex mero motu*, dismiss the case.

---

SHEPARD *v.* LEONARD.

---

**3. Judges § 2b—**

Where a special judge is commissioned to hold a designated term of Superior Court in a particular county, he has no jurisdiction to enter an order in a cause pending in an adjoining county within the same judicial district.

**4. Same: Constitutional Law §§ 4, 6a—**

Under Art. IV, sec. 11, of the N. C. Constitution the power and authority of special and emergency judges is defined and limited by the words "in the courts which they are appointed to hold"; and the General Assembly is without power to grant such judges jurisdiction in excess of this definite limitation. It does not authorize the Legislature to confer "in chambers" or "vacation" jurisdiction on special judges, assigned to hold a designated term of court.

**5. Judges §§ 2a, 2b—**

Civil actions, pending on the civil issue docket of the Superior Courts, are always subject to motion in the cause, and these motions may be made in some instances in term or out of term. When made in term the presiding judge, whether regular or special, has jurisdiction, sec. 5, ch. 51, Public Laws 1941.

**6. Judges § 2b—**

Once having acquired jurisdiction at term a special or emergency judge, by consent, may hear the matter out of term *nunc pro tunc.*

**7. Judges § 2a—**

A regular judge of the Superior Court, except by consent or unless authorized by statute, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending.

APPEAL by defendants from *Olive, Special Judge,* in Chambers, 18 January, 1943. From WAKE. Reversed.

This action was instituted in Franklin County by issuance of summons. No complaint has been filed. Thereafter plaintiff made application to Olive, Special Judge, who was then holding the second regular week of the January Civil Term of Wake County, for an order permitting the plaintiff to inspect and copy a certain sealed promissory note then in the possession of the defendants and alleged to be the property of plaintiff. It is asserted in the application that the suit is instituted for the purpose of recovering possession of said note.

Upon the filing of said application and without notice to the defendants said judge signed an order directing and requiring the defendants to permit the plaintiff to inspect and copy said note and any and all memoranda or schedule of payments referred to in the application. Thereupon, the defendants filed exceptions and noted appeal in the office of the clerk of the Superior Court of Franklin County, and served written notice thereof as required by statute.

*John F. Matthews and W. L. Lumpkin for plaintiff, appellee.*

*Malone & Malone and Yarborough & Yarborough for defendants, appellants.*

BARNHILL, J. The defendants insist that the order signed by Olive, Special Judge, is void for that it was entered without notice to them. C. S., 1823. We do not reach this question for discussion or decision for we are met at the threshold of this case by the more serious question of jurisdiction. "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action; and, if it does not, such action is, in law, a nullity." *Burroughs v. McNeill,* 22 N. C., 297; *Reid v. Reid,* 199 N. C., 740, 155 S. E., 719; *Washington County v. Land Co.,* 222 N. C., 637, 24 S. E. (2d), 338.

Our jurisdiction is derivative. If the Superior Court judge who signed the order was without jurisdiction we have none and it has been the consistent policy of this Court, in the absence of motion, to dismiss *ex mero motu* so soon as a defect in jurisdiction is made to appear.

The commission issued to Olive, Special Judge, under which he was acting at the time he signed the order was "to hold the said Court of the County of Wake: second week regular civil term, January 18th, in the Seventh Judicial District." It was issued under an agreement of exchange, Nimocks, J., the judge regularly holding courts of the Seventh Judicial District at the time, being commissioned to hold a term during the same week in Robeson County in lieu of Olive, Special Judge, who theretofore had been assigned and commissioned to hold the same.

What jurisdiction, if any, in matters pending on the summons docket of Franklin County, a county within the same judicial district, vested in Olive, Special Judge, as the judge presiding in Wake County, under and by virtue of said commission? The answer is none.

The constitutional provision for the appointment of special judges is set out in Art. IV, sec. 11, of the Constitution as follows: "The General Assembly may by general laws provide for the selection of special or emergency judges to hold the Superior Courts of any county, or district, when the judge assigned thereto, by reason of sickness, disability, or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same. Such special or emergency judges shall have the power and authority of regular judges of the Superior Courts, in the courts which they are so appointed to hold."

Pursuant to said constitutional provision the General Assembly, in the exercise of the power thus conferred, enacted ch. 51, Public Laws 1941, by amending previous statutes on the subject. Section 5 thereof is as follows: "To the end that such special judges shall have the fullest power and authority sanctioned by Article four, section eleven, of the

Constitution of North Carolina, such judges are hereby vested, in the courts which they are duly appointed to hold, with the same power and authority in all matters whatsoever that regular judges holding the same courts would have. A special judge duly assigned to hold the court of a particular county shall have during said term of court, in open court and in chambers, the same power and authority of a regular judge in all matters whatsoever arising in that judicial district that could properly be heard or determined by a regular judge holding the same term of court."

While under the constitutional provision the power and authority of special judges is or may be that of regular judges of the Superior Court, these judicial powers are to be exercised by special judges only "in the courts which they are so appointed to hold." The authority vested in the General Assembly to provide for the appointment of special judges and to define their jurisdiction is subject to this definite limitation and the General Assembly is without power to grant jurisdiction to special judges in excess thereof. *Greene v. Stadiem,* 197 N. C., 472, 150 S. E., 18; *Reid v. Reid, supra; Ipock v. Bank,* 206 N. C., 791, 175 S. E., 127.

Speaking to the subject in *Ipock v. Bank, supra, Brogden, J.,* says: "Therefore, it is manifest that the power of special and emergency judges is defined and bounded by the words 'in the courts which they are so appointed to hold.'"

Civil actions pending on the civil issue docket of a county are always subject to motion in the cause. These motions may be made before the judge at term. In many instances they may be made out of term. When made at term the judge presiding, whether regular or special, has jurisdiction. To this extent sec. 5, ch. 51, Public Laws 1941, has full constitutional sanction.

However, the Constitution, Art. IV, sec. 11, does not confer or authorize the Legislature to confer any "in chambers" or "vacation" jurisdiction upon special judges, assigned to hold a designated term of court.

It may be said that a regular judge holding the courts of the district has general jurisdiction of all "in chambers" matters arising in the district. Why then is not this jurisdiction conferred on a special judge by the statue within the limitations of the Constitution?

The general "vacation" or "in chambers" jurisdiction of a regular judge arises out of his general authority. Usually it may be exercised anywhere in the district and it is never dependent upon and does not arise out of the fact that he is at the time presiding over a designated term of court or in a particular county. As to him, it is limited, ordinarily, to the district to which he is assigned by statute. It may not be exercised even within the district of his residence except when specially authorized by statute. *Ward v. Agrillo,* 194 N. C., 321, 139 S. E., 451; *Howard v. Coach Co.,* 211 N. C., 329, 190 S. E., 478.

SHEPARD *v.* LEONARD.

Under the statute, ch. 51, Public Laws 1941, enacted pursuant to Art. IV, sec. 11, of the Constitution, a special judge, during the term of the court he has been assigned to hold, has full and complete jurisdiction over all actions and proceedings on the dockets of that court and may act in respect thereto with the same authority and to the same extent as a regular judge holding the court under statutory assignment. This includes the right to hear and decide any and all motions made in causes pending on the dockets and to grant any and all proper orders in respect thereto. Once having acquired jurisdiction at term he, by consent, may hear the matter out of term *nunc pro tunc*. *Edmundson v. Edmundson,* 222 N. C., 181.

On the other hand, he has no "vacation" jurisdiction and no jurisdiction in any cause pending in any other county either within or without the same judicial district. Any attempt by the Legislature to confer such jurisdiction goes beyond the limitations "in the courts which they are so appointed to hold" and is without constitutional sanction.

Motions in causes pending on the dockets of a county can be heard "at term" only in that county. No judge has any "at term" jurisdiction thereof except within the county. They, at times, are heard during a term of court in another county. Nonetheless they are heard by virtue of the "vacation" jurisdiction of the judge.

This cause was pending on the summons docket of Franklin County. It was not at issue or subject to motion "in the court" in Wake County, over which Olive, Special Judge, was presiding. The motion made and heard therein outside the county in which the cause was pending and the order entered thereon was "in chambers" and not "at term." Hence, the order is void and of no effect.

Even as to regular judges "it is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending." *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1; *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85; *Scott Drug Co. v. Patterson,* 198 N. C., 548, 152 S. E., 632; *Bank v. Hagaman,* 208 N. C., 191, 179 S. E., 759; *S. v. Whitley,* 208 N. C., 661, 182 S. E., 338.

The Governor, under the conditions and subject to the limitations set out in the quoted portion of the Constitution, may commission a special judge to hold the courts of a district. What jurisdiction attaches under this type of commission is not brought in issue on this appeal. That question is not discussed or decided.

The order entered in the court below must be vacated.

Reversed.