IN RE LICENSE OF MARK T. DELK

No. 249PA93

(Filed 17 June 1994)

1. **Judgments § 36 (NCI4th)— attorney discipline—show cause order from another county—jurisdiction**

An order requiring an attorney to appear and show cause why he should not be disciplined was sufficient to give the Superior Court of Graham County jurisdiction even though the order was signed in Mecklenburg County. The rule that a judge may not enter an order substantially affecting a right of a party outside the county in which the case is to be heard without the consent of the parties does not apply to show cause orders. A show cause order does not substantially affect the rights of a party; so long as the controversy is to be determined in the proper county, it should not matter that an ex parte order was issued in another county.

**Am Jur 2d, Judgments §§ 58 et seq.**

2. **Appeal and Error § 536 (NCI4th)— discipline—show cause order—Court of Appeals mandate**

A contention on appeal that the Superior Court did not follow the mandate of the Court of Appeals in issuing an order that an attorney should appear and show cause why he should not be disciplined was overruled where the Superior Court issued what it considered a valid show cause order as required by the first opinion of the Court of Appeals and the Supreme Court upheld the validity of the order.

**Am Jur 2d, Appeal and Error §§ 959 et seq., 989 et seq.**

3. **Judgments § 314 (NCI4th)— criminal judgment against attorney—disbarment proceeding not precluded**

The superior court was not precluded from disbarring respondent where respondent was a licensed attorney, he was convicted of extortion and conspiracy to commit extortion in a trial over which Judge Hyatt presided, Judge Hyatt later entered an order disbarring respondent pursuant to a show cause order, the Court of Appeals vacated the order on jurisdictional grounds, the State Bar requested a second show cause order, Judge Hyatt refused, and defendant contended that

Judge Hyatt should have ruled on the question of disbarment when defendant was convicted and that the matter is now res judicata. The question of disbarring respondent was not part of the criminal action against the respondent and did not have to be determined when the criminal'case was tried.

**Am Jur 2d, Judgments §§ 614 et seq.**

4. **Attorneys at Law § 67 (NCI4th) — disbarment by court — effective date — practice of State Bar and court distinguished**

Respondent, an attorney disbarred after being convicted of extortion and conspiracy to commit extortion, correctly argued that the Superior Court judge who signed an order of disbarment originally entered by another judge incorrectly found the effective date of the order to be thirty days from the first order. Although the State Bar makes the effective date 30 days from the date the order is signed so that the disbarred attorney may wind down his affairs, this is a judicial disbarment. The State Bar had no power to let the respondent keep his license for thirty days and it is clear that the judge who signed the order intended the effective date of the order to coincide with the original order.

**Am Jur 2d, Attorneys at Law §§ 25 et seq.**

5. **Attorneys at Law § 83, 89 (NCI4th) — disbarment — procedure — appeal of underlying criminal action**

There was no error in the procedure by which respondent-attorney was disbarred following an extortion and conspiracy conviction. Adequate notice was given to respondent to comply with due process; the court proceeded against respondent using its inherent power to discipline attorneys and was not bound by the rules of the State Bar. Moreover, although defendant argues that N.C.G.S. § 84-28(d) prohibits disbarment while the criminal charge for which the person is to be disbarred is on appeal, there was more than one order of disbarment in this case. This appeal is from a disbarment which occurred after the Court of Appeals had found no error in the respondent's conviction.

**Am Jur 2d, Attorneys at Law §§ 90, 95.**

**Disciplinary action against attorney prior to exhaustion of appellate review of conviction 76 ALR3d 1061.**

IN RE DELK

[336 N.C. 543 (1994)]

**6. Attorneys at Law § 81 (NCI4th) — disbarment — conviction for extortion — records of court — findings sufficient**

The trial court made adequate findings of fact and conclusions of law to support the order disbarring respondent where respondent contends that the order states no basis for the application of N.C.G.S. § 84-28 to a disbarment by a court, but the statute does not limit its penalty to cases brought by the State Bar. The court had the inherent power to disbar respondent and the finding that the records of the court disclose the conviction was sufficient to support disbarment. Finally, although respondent contends that there should have been some finding of his "actual character at the time of the hearing," the court had the power to disbar the respondent without regard to his character when the court found that the records disclosed that respondent had been convicted of the crimes.

**Am Jur 2d, Attorneys at Law §§ 74-83.**

**7. Attorneys at Law § 71 (NCI4th) — disbarment by court — rules of civil procedure — not applicable**

There was no error in respondent's disbarment by a judge following his conviction for extortion and conspiracy where respondent contended that this was a civil action which required that all of the rules of civil procedure be applied, including the filing of a complaint and issuance of a summons. The Superior Court has the inherent power to discipline members of the bar, including requiring attorneys to appear and answer charges based on the records of the court. Respondent's due process rights were protected by the show cause order notifying him of the hearing.

**Am Jur 2d, Attorneys at Law §§ 90, 91, 96.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 110 N.C. App. 310, 429 S.E.2d 595 (1993), vacating a judgment entered by Allen (C. Walter), J., on 3 February 1992 in Superior Court, Graham County. Heard in the Supreme Court 14 March 1994.

This is an appeal by the North Carolina State Bar from a decision by the Court of Appeals which vacated an order disbarring the respondent. The respondent, at that time a licensed attorney practicing in North Carolina, was convicted of extortion and con-

spiracy to commit extortion in a trial over which Judge Hyatt presided. The court did not enter an order of professional discipline at that time. The Court of Appeals found no error in the trial in an unpublished opinion. *State v. Sellers and Delk*, 99 N.C. App. 775, 395 S.E.2d 164 (1990).

On 3 May 1990, at the request of the North Carolina State Bar, Judge Hyatt, a resident judge of 30B District which does not include Graham County, issued a show cause order to the respondent requiring him to appear in Graham County on 25 May 1990 and show cause why he should not be disciplined. Judge Hyatt was not in Graham County and was not assigned to hold court in Graham County at the time the order was issued. On 25 May 1990, Judge Hyatt entered an order disbarring Delk. The Court of Appeals vacated the order of disbarment on the ground that the show cause order was a nullity because it was issued out of term and the court did not have jurisdiction to enter the order disbarring the respondent. *In re Delk*, 103 N.C. App. 659, 406 S.E.2d 601 (1991).

The North Carolina State Bar asked Judge Hyatt to issue a second order requiring the respondent to show cause why he should not be disciplined. Judge Hyatt refused to issue such an order.

On 28 October 1991, at the request of the North Carolina State Bar, Judge James U. Downs, Jr., the Senior Resident Judge for 30A Judicial District which includes Graham County, issued a show cause order to the respondent requiring him to appear in Graham County on 2 December 1991 and show cause why he should not be disciplined. Judge Downs was holding court in Mecklenburg County at the time he signed the show cause order. Judge Downs was assigned to hold court in Graham County on 2 December 1991. On that date, he recused himself but ordered that the 28 October 1991 show cause order remain in effect and that the hearing on it would be held on 3 February 1992. On 7 December 1991, Judge Downs, while in Macon County, signed a show cause order *nunc pro tunc* to 2 December 1991. On 3 February 1992, Judge C. Walter Allen signed an order disbarring the respondent.

The Court of Appeals, following its decision in the previous case, held that the show cause order issued by Judge Downs was a nullity. It held that he could not revive an order which was void *ab initio* by ordering that it remain in effect and the order entered *nunc pro tunc* was a nullity because it was signed out of the county. The Court of Appeals held that the superior court

**IN RE DELK**

[336 N.C. 543 (1994)]

never gained jurisdiction over the respondent. It vacated the order disbarring the respondent.

*A. Root Edmonson for petitioner-appellant, the North Carolina State Bar.*

*Mark T. Delk, respondent-appellee, pro se.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the show cause order signed by Judge Downs in Mecklenburg County is sufficient to give the Superior Court, Graham County, jurisdiction to enter a judgment in Graham County. We believe this is a question of first impression.

The respondent, relying on several cases, *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984); *Baker v. Varser*, 239 N.C. 180, 79 S.E.2d 757 (1954); *Shepard v. Leonard*, 223 N.C. 110, 25 S.E.2d 445 (1943); *Ward v. Agrilo*, 194 N.C. 321, 139 S.E. 451 (1927); *Bisanar v. Suttlemyre*, 193 N.C. 711, 138 S.E. 1 (1927); *Gaster v. Thomas*, 188 N.C. 246, 124 S.E. 609 (1924); and *State v. Ray*, 97 N.C. 510, 1 S.E. 876 (1887), says "except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending." *Shepard v. Leonard*, 223 N.C. 110, 114, 25 S.E.2d 445, 448 (quoting *Biasnar v. Suttlemyre*, 193 N.C. 711, 712, 138 S.E. 1, 1).

None of the cases cited by the respondent involve the issuance of a show cause order. In each case a superior court judge either entered an order which determined the case, required some action by a party, or affected some right of a party. This is the first time, so far as we can determine, that a litigant has attempted to implicate, in regard to a show cause order, the rule that a judge, without the consent of the parties, may not make an order substantially affecting a right of a party unless he is in the county in which the case is to be heard. We hold that the rule upon which the respondent relies does not apply to show cause orders.

A show cause order does not substantially affect the rights of a party. It does require the person cited to appear and protect his rights or risk losing them. So long as the controversy is to be determined in the proper county, it should not matter that an

*ex parte* show cause order was issued in another county. The party to whom the order is directed does not have the right to be present when the order is signed. No right of his is violated when a show cause order is signed in a county other than the county in which the matter is to be heard. We decline to extend the rule to apply to this situation. We believe it would exalt form over substance to do so.

The respondent brings forward several assignments of error which were not discussed by the Court of Appeals. He says first that Judge Downs as a senior resident judge has no more authority than any other superior court judge. Our decision in this case does not depend on Judge Downs being the senior resident superior court judge. This assignment of error is overruled.

[2] The respondent next contends that after the Court of Appeals vacated the order of Judge Hyatt and remanded for further proceedings, the superior court did not follow the mandate of the Court of Appeals. He contends this voided the action taken in the superior court. On remand, the superior court issued what it considered to be a valid show cause order as required by the first opinion of the Court of Appeals. We have upheld the validity of the order. The respondent does not say in what way the court otherwise did not follow the mandate of the Court of Appeals and we do not find any such way. This assignment of error is overruled.

[3] The respondent contends that the actions of Judge Hyatt in declining to order the respondent disbarred when he was convicted in June 1989 and later refusing to issue an order requiring him to show cause why he should not be disbarred are *res judicata* as to the issues in this case and the court could not disbar him. He bases this argument on the language of two cases, *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E.2d 909 (1955) and *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 306 S.E.2d 513 (1983), which say:

It is to be noted that the phase of the doctrine of *res judicata* which precludes relitigation of the same cause of action is broader in its application than a mere determination of the questions involved in the prior action. The bar of the judgment in such cases extends not only to matters actually determined but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action.

IN RE DELK

[336 N.C. 543 (1994)]

*Gaither Corp. v. Skinner,* 241 N.C. 532, 535-36, 85 S.E.2d 909, 911 (citations omitted). The respondent says Judge Hyatt could and should have ruled on the question of disbarment when the defendant was convicted in June 1989 and refused to do so. He says that matter is now *res judicata* and he cannot be disbarred by the court.

Assuming a criminal case could be the basis for *res judicata* or collateral estoppel, the respondent has given the doctrine an overbroad interpretation. The language upon which the respondent relies was used in the context of requiring parties to litigate the whole claim in one action. The question of disbarring the respondent was not a part of the criminal action against the respondent and did not have to be determined when the criminal case was tried. It could be determined at a later time. This prevents the matter from being *res judicata. See King v. Grindstaff,* 284 N.C. 348, 200 S.E.2d 799 (1973). This assignment of error is overruled.

[4] The respondent next contends Judge Allen, in the order of disbarment, incorrectly found the effective date of the order of disbarment entered by Judge Hyatt. Judge Allen made 25 June 1990 the effective date of the order he signed based on the effective date of the order signed by Judge Hyatt. The effective date of the order might become important in calculating the time when the respondent is eligible to apply for readmission to the bar.

We believe the respondent is correct in this contention. The order of Judge Hyatt was signed on 25 May 1990. It contains no provision making its effective date 25 June 1990. The State Bar argues that it has a practice of making the effective date of a disbarment order thirty days from the date the order is signed. This is done to let the disbarred attorney wind down his affairs. For this reason, says the State Bar, the respondent would have kept his license until 25 June 1990 although the order of disbarment was signed on 25 May 1990.

The difficulty with the State Bar's argument is that this is a judicial disbarment. When Judge Hyatt issued the order disbarring the respondent, the State Bar had no power to let the respondent keep his license for thirty days. It is clear from reading the order of Judge Allen that he intended the effective date of the order he signed to coincide with the order of Judge Hyatt. On remand, we order that the order signed by Judge Allen be amended to make 25 May 1990 its effective date.

**[5]** The respondent next assigns error to the procedure by which he was disbarred. He says the State Bar violated its own rules when it asked the court to disbar him. In this state there are two methods by which an attorney may be disbarred. One method is statutory under which the State Bar proceeds against an attorney. The other method is one in which the court exercises its inherent power to discipline attorneys. *In re Burton,* 257 N.C. 534, 126 S.E.2d 581 (1962); *McMichael v. Proctor,* 243 N.C. 479, 91 S.E.2d 231 (1956). In this case, the court proceeded against the respondent using its inherent power to discipline attorneys. It was not bound by the rules of the State Bar. Adequate notice was given to the respondent to comply with due process.

The respondent argues under this assignment of error that N.C.G.S. § 84-28(d) prohibits disbarment while the criminal charge for which a person is to be disbarred is on appeal. He says this rule was violated when he was disbarred by Judge Hyatt. This appeal is from the disbarment by Judge Allen which occurred after the Court of Appeals had found no error in the respondent's conviction. This assignment of error is overruled.

**[6]** Under his next assignment of error, the respondent contends the court did not make adequate findings of fact and conclusions of law to support the order of disbarment. The court found

> that the records of this Court disclose that Mark T. Delk, then an Attorney at Law . . . was convicted on June 15, 1989 of a criminal charge of extortion . . . and a criminal charge of conspiracy . . . which are criminal offenses demonstrating unfitness to practice law and act as an officer of this Court; and concluding that conviction of said charges is grounds for discipline pursuant to N.C. Gen. Stat. Section 84-28(b)(1).

The court then ordered that the respondent be disbarred.

The respondent says the findings of fact do not support the order disbarring him. He argues that the order states no basis for the application of N.C.G.S. § 84-28 to a disbarment by a court. He contends this section of the statutes applies only to disbarment proceedings brought by the State Bar. N.C.G.S. § 84-28 provides for disbarment for the conviction of a criminal offense showing professional unfitness. It does not limit this penalty to cases brought by the State Bar. If the court was not given the power to disbar the respondent by N.C.G.S. § 84-28, it had the inherent power

to disbar him for the conviction of the two felonies. *State v. Spivey*, 213 N.C. 45, 195 S.E. 1 (1938).

The respondent contends that there was not a finding that he was convicted of any crime but that the order only says "the records of this Court disclose" that he was convicted. If a court finds that the records of the court disclose a person has been convicted of a crime showing he is unfit to practice law, this is a sufficient finding of fact to support disbarment.

The respondent finally contends that there should have been some finding of his "actual character at the time of the hearing." When the court found that the records disclosed the respondent had been convicted of the crimes, it had the power to disbar the respondent without regard to his character. This assignment of error is overruled.

[7] In his last assignment of error, the respondent contends that this is a civil action which required that all the rules of civil procedure be applied, including the filing of a complaint and the issuance of a summons. He contends the failure of the court to follow its own rules deprived him of due process of law.

The superior court has the inherent power to discipline members of the bar. It can require attorneys to appear and answer charges based on records of the court. There is not a plaintiff in such a proceeding and a complaint does not have to be filed. The show cause order notified the respondent of the nature, date, time and place of the hearing. This protected the respondent's due process rights. *See In re Robinson*, 37 N.C. App. 671, 247 S.E.2d 241 (1978). This assignment of error is overruled.

For the reasons given in this opinion, we reverse the Court of Appeals and remand for remand to superior court for the reinstatement of Judge Allen's order with the amendment we have mandated.

REVERSED AND REMANDED.